2019 IL App (3d) 160516

Opinion filed July 30, 2019

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-16-0516 Circuit No. 11-CF-2287 |
| MICHAEL C. BAREFIELD, | ) ) ) | Honorable Sarah-Marie F. Jones, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McDADE delivered the judgment of the court, with opinion.
Justice Wright concurred in the judgment and opinion.
Justice Holdridge concurred in part and dissented in part, with opinion.

**OPINION**

¶ 1        Defendant, Michael C. Barefield, appeals the dismissal of his petition for relief from

judgment filed under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401

(West 2016)). Defendant argues that his conviction for armed habitual criminal should be

vacated because his prior conviction for aggravated unlawful use of a weapon (AUUW) was void

*ab initio* and could not serve as a predicate offense. Defendant also argues that his two

convictions for AUUW under different case numbers should be vacated because they are void

*ab initio*. We reverse the dismissal of defendant's section 2-1401 petition and remand the matter with directions.

¶ 2                                                            I. BACKGROUND

¶ 3         Defendant was charged with the offense of armed habitual criminal (720 ILCS 5/24-1.7(a)(1), (a)(2) (West 2010)). The indictment alleged:

> "[D]efendant possessed a firearm, to wit: a Hi-Point .45 caliber handgun, after having been twice convicted of the combination of offenses of [AUUW] in Will County under docket number 2006 CF 661 in violation of Section 21-2 of Act 5 of Chapter 720 of the Illinois Compiled Statutes,[1] and Aggravated Robbery, a forcible felony, in Will County under docket number 2006 CF 1945 in violation of 18-5 of Act 5 of Chapter 720 of the Illinois Compile[d] Statutes."

Defendant was also charged with unlawful use of a weapon by a felon (*id.* § 24-1.1(a)) in that he possessed a handgun having been previously convicted of AUUW in Will County case No. 06-CF-661.

¶ 4         Defendant entered a fully negotiated plea agreement in which he pled guilty to armed habitual criminal in exchange for a sentence of eight years and six months' imprisonment and the dismissal of the charge of unlawful use of a weapon by a felon.

¶ 5         Defendant filed a *pro se* petition for relief from judgment under section 2-1401 of the Code. In his petition, defendant stated that his conviction for armed habitual criminal was

---

[1]The indictment erroneously cites to the statute proscribing criminal trespass to vehicles (720 ILCS 5/21-2 (West 2006)) rather than the AUUW statute (*id.* § 24-1.6). Defendant has attached a single-page copy of the indictment in Will County case No. 06-CF-661 to his brief, which shows that defendant was charged with AUUW under section 24-1.6(a)(1), (a)(3)(A) of the Criminal Code of 1961 (*id.* § 24-1.6(a)(1), (a)(3)(A)). Defendant requests that we take judicial notice of the copy of the indictment, which we do. See *Metropolitan Life Insurance Co. v. American National Bank & Trust Co.*, 288 Ill. App. 3d 760, 764 (1997) ("[The appellate] court may take judicial notice of public documents that are included in the records of other courts.").

predicated on his convictions in Will County case Nos. 09-CF-2316, 06-CF-1945, and 06-CF-661. Defendant stated that two of the predicate offenses were convictions for AUUW and the AUUW statute had been held to be facially unconstitutional.[2] Defendant requested that the court vacate his conviction for armed habitual criminal because it was predicated on offenses that were void *ab initio*.

¶ 6        The State filed a combined motion to dismiss under sections 2-615 and 2-619 of the Code (735 ILCS 5/2-615, 2-619 (West 2016)). The motion to dismiss argued that defendant's section 2-1401 petition failed to state a cause of action because it could be rejected based on the Illinois Supreme Court's decision in *People v. McFadden*, 2016 IL 117424. The State also argued that defendant's section 2-1401 petition was untimely.

¶ 7        Defendant filed a motion for leave to amend his section 2-1401 petition. In his proposed amended petition, defendant argued that his convictions for AUUW in Will County case Nos. 09-CF-2316 and 06-CF-661 should be vacated in addition to his conviction for armed habitual criminal in the instant case. Defendant argued that his AUUW convictions were void *ab initio* and his armed habitual criminal conviction was also void.

¶ 8        A hearing was held on the State's motion to dismiss and defendant's motion to amend his section 2-1401 petition. The State argued that if defendant sought to vacate his AUUW convictions, he needed to do so by filing pleadings in those cases. The State also argued that pursuant to the holding in *McFadden*, defendant's armed habitual criminal conviction was not

---

[2]The indictment in this case shows that defendant's armed habitual criminal conviction was predicated on one prior conviction for AUUW in Will County case No. 06-CF-661 and one prior conviction for aggravated robbery in Will County case No. 06-CF-1945. Defendant's armed habitual criminal conviction was not predicated on a second conviction for AUUW entered in Will County case No. 09-CF-2316, as defendant claimed.

void even if the predicate offense was void. The court granted the State's motion to dismiss and denied defendant's motion for leave to amend his petition.

¶ 9                                      II. ANALYSIS

¶ 10                        A. Vacatur of the Armed Habitual Criminal Conviction

¶ 11       Defendant argues that his conviction for armed habitual criminal should be vacated because his prior conviction for AUUW in Will County case No. 06-CF-661 was void *ab initio* and could not serve as a predicate offense. Pursuant to the holding in *In re N.G.*, 2018 IL 121939, we find that defendant's conviction for armed habitual criminal must be vacated if the predicate AUUW conviction was entered under an unconstitutional section of the AUUW statute.

¶ 12       Section 24-1.7(a) of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/24-1.7(a) (West 2010)) provides that "[a] person commits the offense of being an armed habitual criminal if he or she receives, sells, possesses, or transfers any firearm after having been convicted a total of 2 or more times" of certain enumerated offenses. A defendant's qualifying prior convictions are an element of the offense of being an armed habitual criminal. *People v. Davis*, 405 Ill. App. 3d 585, 591 (2010). In the instant case, defendant was charged with being an armed habitual criminal based on his prior convictions for AUUW in Will County case No. 06-CF-661 and aggravated robbery in Will County case No. 06-CF-1945.

¶ 13       Our supreme court has held that AUUW as charged under section 24-1.6(a)(1), (a)(3)(A) of the Criminal Code (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2008)) is facially unconstitutional because it violates the right to keep and bear arms under the second amendment to the United States Constitution. *People v. Burns*, 2015 IL 117387, ¶ 32; *People v. Aguilar*, 2013 IL 112116, ¶ 22. Our supreme court has also held that AUUW as charged under section 24-

- 4 -

1.6(a)(2), (a)(3)(A) of the Criminal Code of 2012 (720 ILCS 5/24-1.6(a)(2), (a)(3)(A) (West 2012)) is unconstitutional. *People v. Mosley*, 2015 IL 115872, ¶ 25. The court has held that some of the other sections of the AUUW statute are not facially unconstitutional and are severable from the unconstitutional sections. *Id.* ¶ 31.

¶ 14    In *McFadden*, 2016 IL 117424, ¶¶ 27-31, our supreme court held that the defendant's conviction for unlawful use of a weapon by a felon, which was predicated on a prior conviction for AUUW, was not void where the AUUW conviction had not been vacated at the time the defendant committed the offense of unlawful use of a weapon by a felon.

¶ 15    While the instant case was pending on appeal, our supreme court issued its decision in *N.G.*, which overruled the court's prior decision in *McFadden*. *N.G.*, 2018 IL 121939, ¶ 84. See also *People v. Cavette*, 2018 IL App (4th) 150910, ¶ 24 (recognizing that *McFadden* had been overruled by *N.G.*). The *N.G.* court held that the circuit court erred in terminating the father's parental rights after finding the father depraved based, in part, on the father's conviction for AUUW under the section held unconstitutional in *Aguilar*. *N.G.*, 2018 IL 121939, ¶ 33. The court held that because that section of the AUUW statute was facially unconstitutional, the father's AUUW conviction had to be vacated. *Id.* The court reasoned: "When a statute is found to be facially unconstitutional in Illinois, it is said to be void *ab initio*; that is, it is as if the law had never been passed." *Id.* ¶ 50.

¶ 16    In overruling *McFadden*, the court in *N.G.* reasoned that *McFadden* failed to consider "the distinction between a prior conviction resulting from a constitutionally deficient procedure and one based on a facially unconstitutional statute." *Id.* ¶ 76. The court noted that *McFadden* failed to consider the United States Supreme Court's decision in *Montgomery v. Louisiana*, 577 U.S. ___, 136 S. Ct. 718 (2016), or earlier United States Supreme Court cases holding that

"convictions based on facially unconstitutional statutes are void, can be given no effect, and must be treated by the courts as if they do not exist." *N.G.*, 2018 IL 121939, ¶ 67. The court reasoned:

> "[A] facially unconstitutional statute and any conviction based on the statute must be treated as if they *never existed*. Because they are nonexistent, as a matter of federal constitutional law, and must therefore be ignored by the courts, using them against a defendant in any subsequent proceeding, civil or criminal, is not only conceptually impossible (if something has no legal existence how can it be given any legal recognition?) but would subvert the very constitutional protections that resulted in the statute being found facially invalid to begin with and is incompatible with the United States Supreme Court's command that when, as under *Aguilar* and here, the conduct penalized by a statute is constitutionally immune from punishment, that determination must be given complete retroactive effect." (Emphasis in original.) *Id.* ¶ 74.

The *N.G.* court found that case to be distinguishable from *McFadden* but nevertheless held that "to the extent that this result and controlling United States Supreme Court precedent conflict with *McFadden*, *McFadden* is hereby overruled." *Id.* ¶ 84.

¶ 17    In the instant case, we find that if defendant's conviction for AUUW in Will County case No. 06-CF-661 was entered under section 24-1.6(a)(1), (a)(3)(A) of the Criminal Code, then defendant's conviction for armed habitual criminal must be vacated under the rationale in *N.G.* Under the reasoning set forth in *N.G.*, if the AUUW conviction was entered under a facially unconstitutional section of the AUUW statute, it is void *ab initio*. That is, the AUUW conviction must be treated as though it never existed and may not be used against defendant in any subsequent criminal or civil proceeding. See *N.G.*, 2018 IL 121939, ¶ 74.

¶ 18    However, the record in this case is unclear as to whether defendant's conviction for AUUW in Will County case No. 06-CF-661 was entered under the section of the AUUW statute held to be unconstitutional in *Aguilar*. The single-page copy of the indictment defendant attached to his brief shows only that defendant was *charged* under section 24-1.6(a)(1), (a)(3)(A). It does not show that he was *convicted* under that section. Before vacating defendant's conviction for armed habitual criminal, it must be definitively established that the predicate AUUW conviction was entered under a section of the AUUW statute that has been held to be unconstitutional. Accordingly, we remand the matter to the circuit court for such a determination.

¶ 19    In reaching our holding, we reject the State's argument that the holding in *N.G.* is limited to parental termination cases. The court in *N.G.* held that because convictions based on facially unconstitutional statutes "are nonexistent, as a matter of federal constitutional law, and must therefore be ignored by the courts, using them against a defendant in any subsequent proceeding, *civil or criminal*, *** would subvert the very constitutional protections that resulted in the statute being found facially invalid to begin with." (Emphasis added.) *Id.* Thus, we interpret the holding of *N.G.* to extend beyond parental termination cases and to apply generally to civil or criminal cases where a defendant's facially unconstitutional prior conviction is used against him or her.

¶ 20    We also reject the State's argument that the portion of *N.G.* overruling *McFadden* is *dicta* that we are not required to follow. The State argues that we should instead apply the holding in *McFadden* to this case. We do not agree with the State's reading of *N.G.*, and we may not ignore our supreme court's express overruling of *McFadden*. See *Winnebago County Citizens for Controlled Growth v. County of Winnebago*, 383 Ill. App. 3d 735, 748 (2008) ("[T]he lower courts have no power to ignore the holdings of our supreme court's decisions and to adopt some other approach that they may prefer.").

¶ 21                              B. Vacatur of the AUUW Convictions

¶ 22          Defendant also argues that the circuit court erred in denying his motion for leave to

amend his section 2-1401 petition. Defendant requests that we reverse the circuit court's denial

of the motion and vacate his prior convictions for AUUW in Will County case Nos. 06-CF-661

and 09-CF-2316. The State concedes that defendant's prior AUUW convictions are void

*ab initio*, but argues that defendant must seek vacatur of his convictions by filing postconviction

petitions or section 2-1401 petitions in those cases.

¶ 23          In *N.G.*, the court held that filing a postconviction petition or a section 2-1401 petition are

not the "sole means for collaterally attacking the validity of a conviction premised on a facially

invalid, and indisputably unenforceable, statute." *N.G.*, 2018 IL 121939, ¶ 54. The court stated

that "under Illinois law, there is no fixed procedural mechanism or forum, nor is there any

temporal limitation governing when a void *ab initio* challenge may be asserted." *Id.* ¶ 57. The

court noted that "[a] void order may be attacked at any time in any court" and that courts have an

independent duty to vacate void orders. *Id.* The *N.G.* court held that it was permissible for the

father of the minor to challenge the constitutionality of his AUUW conviction in proceedings to

terminate parental rights. *Id.* ¶ 60. The court reasoned:

> "Establishing that a prior conviction is invalid because it was based on a facially
>
> unconstitutional statute requires no elaborate fact-finding or hearing. The
>
> statutory basis for the conviction can be readily ascertained by retrieval and
>
> review of official court records, of which a subsequent court can take judicial
>
> notice [citation], as happened in this case, and the fact that the statute has been
>
> found unconstitutional can be confirmed by the case law. As for concerns over the
>
> finality of judgments, these are of little consequence as a practical matter because

- 8 -

penal statutes are rarely found facially invalid and, when they are, defendants have every incentive to raise the defect at the earliest possible, practical moment." *Id.* ¶ 58.

¶ 24   In light of the recent decision in *N.G.*, we find that defendant should be permitted to amend his section 2-1401 petition to seek vacatur of his AUUW convictions in addition to his armed habitual criminal conviction.

¶ 25   However, we reject the State's concession on appeal that defendant's prior convictions for AUUW in Will County case Nos. 06-CF-661 and 09-CF-2316 were void *ab initio*. The record in this case does not support the State's concession. We have already found that the copy of the indictment from Will County case No. 06-CF-661 attached to defendant's brief was insufficient to establish that defendant was convicted under an unconstitutional section of the AUUW statute. There is no information, either in the record or attached to defendant's brief, regarding Will County case No. 09-CF-2316 except for defendant's *pro se* allegation that the AUUW conviction in that case was void *ab initio*. Accordingly, we remand the matter to the circuit court for a determination as to whether the AUUW convictions in Will County case Nos. 06-CF-661 and 09-CF-2316 were entered under one of the facially unconstitutional sections of the AUUW statute.

¶ 26   We acknowledge the argument of the partial dissent that it is the usual requirement of Illinois reviewing courts that the appellant present a record sufficient to support his claim of error. In the instant case, defendant is challenging his armed habitual criminal conviction and the predicate AUUW conviction pursuant to an indictment in Will County case No. 06-CF-661, attached to his brief, indicating that he was charged under one of the facially unconstitutional sections of the AUUW statute. The claim was originally asserted *pro se* in a collateral

proceeding, and it is not an unreasonable assumption that defendant was convicted of the crime with which he was charged.

¶ 27 More significantly, at the time of briefing in this appeal, the law about vacating these void convictions was in a state of flux in that *McFadden* had been decided and *N.G.* had not. In *N.G.*, as we have previously pointed out, the supreme court noted that courts have an independent duty to vacate void orders (*N.G.*, 2018 IL 121939, ¶ 57) and further stated:

> "The statutory basis for the conviction can be readily ascertained by retrieval and review of official court records, of which a subsequent court can take judicial notice [citation], *as happened in this case*, and the fact that the statute has been found unconstitutional can be confirmed by the case law." (Emphasis added.) *Id.* ¶ 58.

If courts are authorized to supplement the record on appeal to expeditiously address the constitutionally void conviction, it surely cannot be improper to find that there is a viable issue and remand to the circuit court to address it.

¶ 28                                     III. CONCLUSION

¶ 29 The judgment of the circuit court of Will County dismissing defendant's section 2-1401 petition and denying defendant leave to amend his section 2-1401 petition is reversed. We remand the matter to the circuit court with directions to examine the court records in Will County case Nos. 06-CF-661 and 09-CF-2316 to determine whether the AUUW convictions in those cases were entered under one of the facially unconstitutional sections of the AUUW statute. If the AUUW conviction in Will County case No. 06-CF-661 was entered under one of the facially unconstitutional sections of the AUUW statute, the circuit court is directed to vacate that conviction and the conviction for armed habitual criminal entered in the instant case. If the

AUUW conviction in Will County case No. 09-CF-2316 was entered under one of the facially unconstitutional sections of the AUUW statute, the circuit court is directed to vacate that conviction as well.

¶ 30    Reversed and remanded with directions.

¶ 31    JUSTICE HOLDRIDGE, concurring in part and dissenting in part:

¶ 32    I concur with the majority's decision to reverse the trial court's denial of the defendant's request to amend his section 2-1401 petition. However, I disagree with the majority's decision to (1) address the merits of the defendant's claims as they relate to his AUUW convictions and his armed habitual criminal conviction and (2) remand to the trial court to determine which sections of the statute were the bases for the defendant's convictions.

¶ 33    As our supreme court has explained, the appellant has the burden of presenting a sufficiently complete record on appeal to support his claim of error, and in the absence of such a record on appeal, the reviewing court will presume that the order entered by the trial court was in conformity with the law. *Midstate Siding & Window Co. v. Rogers*, 204 Ill. 2d 314, 319 (2003). Any doubts arising from the incompleteness of the record are resolved against the appellant. *Id.*

¶ 34    Here, as the majority recognizes, the defendant failed to provide a sufficient record on appeal to support his claim of error because the record fails to show which statute sections were the bases for his convictions. *Supra* ¶¶ 18, 25, 27. Therefore, because the record on appeal is insufficient, I would not address this issue.

**No. 3-16-0516**

| | |
|---|---|
| **Cite as:** | *People v. Barefield*, 2019 IL App (3d) 160516 |
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 11-CF-2287; the Hon. Sarah-Marie F. Jones, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Peter A. Carusona, and Jay Wiegman, of State Appellate Defender's Office, of Ottawa, for appellant. |
| **Attorneys for Appellee:** | James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, David J. Robinson, and Jasmine D. Morton, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |