2020 IL App (3d) 190388

Opinion filed October 6, 2020

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| DAVID FELLOWS and GERALDINE M. FELLOWS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0388 Circuit No. 15-L-431 |
| GARY A. BARAJAS, O'MARA MOVING SYSTEMS, INC., and RODOLFO MENESES, | ) ) ) | |
| Defendants | ) ) | Honorable Barbara N. Petrungaro, Judge, Presiding. |
| (O'Mara Moving Systems, Inc., and Rodolfo Meneses, Defendants-Appellees). | ) ) ) | |

JUSTICE SCHMIDT delivered the judgment of the court, with opinion.
Presiding Justice Lytton and Justice Carter concurred in the judgment and opinion.

**OPINION**

¶ 1    In a suit for damages sustained from a motor vehicle accident, plaintiffs,[1] David and Geraldine M. Fellows, appeal from a jury verdict in favor of defendants, Rodolfo Meneses and O'Mara Moving Systems, Inc (O'Mara Moving).[2] Plaintiff contends the circuit court erred in

---

[1]Geraldine was not involved in the accident. For clarity, we will refer to plaintiffs in the singular form for the remainder of the order.

[2]Plaintiff obtained a jury verdict against defendant, Gary A. Barajas, in the amount of $226,096.11. Defendant Barajas is not a party to this appeal.

allowing the defense's expert witness to testify to the circumstances surrounding the motor vehicle accident. Plaintiff also contends he is entitled to a new trial because the jury intended to—but was instructed not to—use toy cars to recreate the accident during deliberations. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3        Plaintiff brought an action against defendants seeking damages for injuries sustained in a three-vehicle accident on Interstate 55 in Will County. The facts of the accident are straightforward. Plaintiff and the two defendants, Barajas and Meneses, were traveling in the same direction on Interstate 55 near the exit ramp for Route 53. Defendant Barajas occupied the left lane, plaintiff the center lane, and defendant Meneses the right lane. Barajas saw that the traffic in front of him stopped suddenly. Barajas veered right to the center lane and collided with plaintiff. The collision forced plaintiff into the right lane where he collided with Meneses. Plaintiff testified that only two seconds passed between the first and second collision.

¶ 4        Defendants, O'Mara Moving and Meneses, disclosed Jeffrey Clark, an expert of trucking safety, to provide opinions on behalf of defendants. Plaintiff filed a motion *in limine* to bar specific opinions of Clark at trial. The motion alleged that Clark's opinions should be barred on the grounds that (1) Clark was not qualified to give accident reconstruction opinions and (2) his opinions lacked scientific foundation. In response, defendants agreed that Clark was not an expert in accident reconstruction, but they argued that his expertise in trucking safety was sufficient to testify to the braking distance and timing of Meneses's truck and to the blind spots of Meneses's vehicle.

¶ 5        Following a hearing on the motion *in limine*, the court barred Clark from testifying to the foreseeability of plaintiff's vehicle spinning into the lane of Meneses. However, the court allowed

- 2 -

Clark to testify as to the braking times, blind spots, locations of the vehicles at the time of impact, and the timing and sequence of the accident. The cause proceeded to a jury trial.

¶ 6        Barajas testified that he saw brake lights and traffic slowed heavily. The car in front of him slammed on its brakes, and Barajas veered into the center lane to avoid the collision. However, as he entered the center lane, he struck plaintiff's vehicle. He did not see the second impact that followed between plaintiff and Meneses.

¶ 7        Plaintiff testified that only two seconds passed between the first and second collision. When asked if he could have stopped after the first collision, plaintiff answered, "There was absolutely no time to be stopped."

¶ 8        At the time of the accident, Meneses was operating a vehicle as part of his employment with defendant O'Mara Moving. According to Meneses, he did not see plaintiff's vehicle until it struck his vehicle. Meneses stated that he was traveling at about 25 to 30 miles per hour at the time of the impact.

¶ 9        Clark testified as an expert to the reasonableness of Meneses's actions during the accident. In Clark's opinion, he did not "believe given the circumstances in this case and the events that were unfolding that there [was] any action [Meneses] could have taken that would have prevented the accident." Clark did not perform an independent investigation regarding the accident. Instead, Clark based his opinion on the deposition testimony of the drivers involved, photographs of the scene of the accident, and the police report. Specifically, Clark relied on plaintiff's deposition testimony that two seconds passed between the first impact and his collision with Meneses. He also relied on Meneses's testimony that his vehicle was traveling at about 25 to 30 miles per hour at the time of the collision. The two seconds were important in Clark's calculation of Meneses's braking time in avoiding the accident. According to published figures in the Illinois CDL

Handbook and its published safety stopping distances, two seconds was not enough time for Meneses to bring his vehicle to a stop to avoid the collision. Based on Meneses's testimony that he did not see plaintiff's vehicle prior to the collision, Clark believed plaintiff was in Meneses's blind spot when it collided with his vehicle. However, Clark opined that Meneses still would not have enough time or distance to stop his vehicle to avoid the collision had he saw plaintiff's vehicle.

¶ 10 Prior to closing arguments, the bailiff informed the court that a jury member had brought toy cars to recreate the accident during deliberations. The bailiff confiscated the toys and reported the incident to the court. The court informed counsel for the parties. Plaintiff did not move for a mistrial or argue that the incident had prejudiced him. Instead, the parties agreed that the court would instruct the jury not to perform independent investigations or consider any material not given to the jury by the court.

¶ 11 Ultimately, the jury returned a verdict in favor of Meneses against plaintiff. The jury did return a verdict in favor of plaintiff and against Barajas in the amount of $226,096.11.

¶ 12                                      II. ANALYSIS

¶ 13 On appeal, plaintiff contends that the trial court erred in allowing Clark to testify as an expert witness. Alternatively, plaintiff contends that he is entitled to a new trial due to the jury possessing toy cars prior to deliberating.

¶ 14                                   A. Expert Testimony

¶ 15 First, plaintiff argues that the circuit court should have barred Clark's testimony in the entirety. According to plaintiff, Clark's testimony as to "the location of the vehicles, the preventability of the collision, the speed of the vehicles, who hit whom, where the impact occurred and how fast the parties were going" amounts to accident reconstruction, which is beyond Clark's

- 4 -

expertise as a trucking safety expert. Plaintiff also contends that Clark lacked a factual foundation to reach his opinions. Upon review, we need not address plaintiff's allegations of error. Even if we assumed the circuit court should have barred Clark's testimony, we find that any error is harmless beyond a reasonable doubt.

¶ 16        Decisions on the admission of evidence are largely matters within the discretion of the trial judge. *Jackson v. Pellerano*, 210 Ill. App. 3d 464 (1991). However, erroneous evidentiary rulings will not support a reversal unless the error was prejudicial and affected the outcome of the trial. *Id.* at 471. In other words, the judgment will not be reversed if "no harm has been done." *Id.* Where it appears an error did not affect the outcome of the trial, or where the reviewing court can see from the entire record that the error did not result in substantial prejudice, the judgment will not be disturbed. *Cairns v. Hansen*, 170 Ill. App. 3d 505, 511 (1988). The burden is on the party seeking reversal to establish prejudice. *Burns v. Michelotti*, 237 Ill. App. 3d 923, 938 (1992).

¶ 17        Here, plaintiff's own testimony established that he was in the center lane of Interstate 55 when Barajas unexpectedly struck his vehicle. Traveling at around 50 miles per hour, the collision pushed plaintiff's vehicle into the right lane. This caused plaintiff's vehicle to collide with Meneses's semi-truck. The second collision occurred within two seconds of the first collision. When asked if he stopped his vehicle after the first collision, plaintiff responded "[t]here was absolutely no time to be stopped." In short, plaintiff's own testimony establishes that there is nothing Meneses could have done to avoid the collision between him and plaintiff. As such, we find any error in admitting Clark's expert testimony to be harmless beyond a reasonable doubt.

¶ 18        Accepting plaintiff's testimony as true there is no basis for liability. Plaintiff offered no evidence to suggest that Meneses could have avoided the collision with plaintiff. With only two seconds to react to plaintiff swerving into his lane without warning, there is nothing Meneses could

have done to avoid the collision. Simply put, plaintiff's vehicle being forced into Meneses's lane is the only cause of the collision between plaintiff and Meneses. See generally *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill. 2d 494, 510 (1967). "Illinois courts have long held that a sudden swerve into a defendant's right of way by an approaching vehicle does not give rise to negligence by the defendant." *Turner v. Roesner*, 193 Ill. App. 3d 482, 488 (1990). The driver of a vehicle who is faced in a sudden emergency with imminent peril is not required to possess the same coolness and judgment as when there is no imminent peril. *McCullough v. McTavish*, 62 Ill. App. 3d 1041, 1047 (1978). Here, as a matter of law, the evidence failed to show any negligence on the part of Meneses.

¶ 19                                                    B. Jury Prejudice

¶ 20        Next, plaintiff contends he is entitled to a new trial based on the jury's possession of toy cars that it intended to use to recreate the accident during deliberations. Plaintiff forfeited review of this issue by failing to object to the continuation of the case, argue that he was prejudiced by the possession of the toy cars, or move for a mistrial. *Fillmore v. Walker*, 2013 IL App (4th) 120533, ¶ 27. Rather than objecting, plaintiff agreed with opposing counsels and the court to take the toy cars from the jury and instruct the jury not to perform independent investigations. As plaintiff fails to make any argument to excuse his forfeiture, we decline to address this argument. While we decline to address this argument, we note that in light of the facts of this case, any error would have been harmless.

¶ 21                                                   III. CONCLUSION

¶ 22        For the foregoing reasons, we affirm the judgment of the circuit court of Will County.

¶ 23        Affirmed.

**No. 3-19-0388**

| | |
|---|---|
| **Cite as:** | *Fellows v. Barajas*, 2020 IL App (3d) 190388 |
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 15-L-431; the Hon. Barbara N. Petrungaro, Judge, presiding. |
| **Attorneys for Appellant:** | Amanda Martin and Cole H. Munvez, of Parente & Norem, P.C., of Chicago, for appellants. |
| **Attorneys for Appellee:** | Richard J. Turiello, of Krakar & Olsen, of Chicago, for appellees. |