2022 IL App (1st) 200886
Opinion filed: September 15, 2022

FIRST DISTRICT
FOURTH DIVISION

No. 1-20-0886

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | Nos. 01 CR 11037 |
| | ) | 06 CR 15198 |
| RAUL CALVILLO, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | Alfredo Maldonado, |
| | ) | Judge, presiding. |

JUSTICE ROCHFORD delivered the judgment of the court, with opinion.
Presiding Justice Lampkin and Justice Reyes concurred in the judgment.

**OPINION**

¶ 1     The circuit court found petitioner, Raul Calvillo, guilty in 2002 of two counts of aggravated unlawful use of a weapon (AUUW) (counts I and III), merged count III into count I, and sentenced him to probation on count I. No sentence was imposed on count III. The court subsequently revoked petitioner's probation and sentenced him to one year imprisonment on count I. In 2006, the court used the conviction of AUUW in count I as the predicate offense to convict petitioner for unlawful use of a weapon by a felon (UUWF). In 2019, the petitioner filed two petitions pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2018)), asking the court to vacate his 2002 conviction for AUUW and his 2006 conviction for UUWF pursuant to *People v. Aguilar*, 2013 IL 112116. The court vacated petitioner's 2002 conviction for AUUW in count I and "transferred" the sentence from count I to the previously unsentenced count III, *nunc pro tunc* to the date of the original sentencing hearing. The court denied the petition to vacate the 2006 conviction for UUWF, finding that it was properly predicated on the newly sentenced 2002 conviction on count III for AUUW. The primary question on appeal is whether the circuit

court exceeded the scope of a *nunc pro tunc* order when, in 2019, it transferred the sentence petitioner received in 2002 for AUUW from count I to count III and then used the newly sentenced count III as the predicate offense to sustain the 2006 UUWF conviction. We answer that question in the affirmative.

¶ 2 In 2001, the State charged petitioner with six counts of AUUW in case number 01-CR-11037. The case proceeded to a bench trial, after which the circuit court found petitioner guilty of two counts of AUUW: count I was for possessing an uncased firearm in public (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2000)) and count III was for possession of a firearm before reaching the age of 21 (720 ILCS 5/24-1.6(a)(1), (a)(3)(I) (West 2000)). On October 9, 2002, the circuit court merged count III into count I under the one-act, one-crime doctrine because it found that count III was the lesser offense and sentenced petitioner to 1½ years of probation on count I. As count III merged into count I, the circuit court imposed no sentence on count III. On September 19, 2003, the circuit court revoked petitioner's probation and sentenced him to one year in prison on count I.

¶ 3 In 2006, in case number 06-CR-15198, petitioner pleaded guilty to UUWF (720 ILCS 5/24-1.1(a) (West 2006)) and was sentenced to three years' imprisonment. Petitioner's 2002 conviction for AUUW in count I was the predicate felony for the 2006 UUWF conviction. The sentences for the 2002 and 2006 convictions have been completed.

¶ 4 In 2013, our supreme court issued its opinion in *Aguilar*, 2013 IL 112116. In *Aguilar*, the defendant was convicted of the "Class 4 form" of section 24-1.6(a)(1), (a)(3)(A), (d), of the AUUW statute (720 ILCS 5/24-1.6(a)(1), (a)(3)(A), (d) (West 2008)) and unlawful possession of a firearm (UPF) (720 ILCS 5/24-3.1(a)(1) (West 2008)). *Aguilar*, 2013 IL 112116, ¶ 7. The trial court sentenced the defendant to 24 months' probation for the AUUW conviction and did not

impose sentence on the UPF conviction. *Id.* On appeal, the supreme court concluded that the Class 4 form of section 24-1.6(a)(1), (a)(3)(A), (d) of the AUUW statute, which prohibited carrying on one's person or in any vehicle, outside the home, a firearm that was uncased, loaded, and immediately accessible, was facially unconstitutional under the second amendment. After reversing the defendant's AUUW conviction, the supreme court "remand[ed] to the trial court for imposition of sentence on the UPF conviction" and instructed that "[t]he sentence imposed on the UPF conviction shall not exceed the sentence imposed on the AUUW conviction." *Aguilar*, 2013 IL 112116, ¶ 30.

¶ 5    In 2015, the supreme court issued its opinion in *People v. Burns*, 2015 IL 117387, ¶ 22, acknowledging that *Aguilar*'s reference to a "Class 4" form of AUUW was inappropriate, as no such offense exists. *Burns* clarified that section 24-1.6(a)(1), (a)(3)(A) of the AUUW statute is facially unconstitutional, without limitation. *Id.* ¶ 25.

¶ 6    In 2018, the supreme court issued its opinion in *In re N.G.*, 2018 IL 121939, which considered whether a parent's conviction under the portion of the AUUW statute found unconstitutional in *Aguilar* could be used as a predicate for terminating parental rights. *Id.* ¶ 23. The supreme court stated that "[w]hen a statute is found to be facially unconstitutional in Illinois, it is said to be void *ab initio*; that is, it is as if the law had never been passed." *Id.* ¶ 50. Therefore, "the conviction must be treated by the courts as if it did not exist, and it cannot be used for any purpose under any circumstances." *Id.* ¶ 36.

¶ 7    Based on *N.G.*, we subsequently held that a conviction under the portion of the AUUW statute found unconstitutional in *Aguilar* cannot be used as a predicate offense for UUWF. See *People v. Alexander*, 2019 IL App (3d) 170168, ¶ 29.

¶ 8      In 2019, petitioner here filed two petitions pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2018)) seeking to vacate his 2002 AUUW conviction and his 2006 UUWF conviction based on *Aguilar*, *N.G.*, and their progeny. In his first petition, petitioner argued that his conviction for AUUW on count I was void *ab initio* under *Aguilar* and should be vacated.

¶ 9      In his second section 2-1401 petition, petitioner argued that his 2006 conviction for UUWF was predicated on the unconstitutional 2002 AUUW conviction in count I. As the 2002 AUUW conviction in count I is void *ab initio*, it cannot serve as the predicate offense for the UUWF conviction. Therefore, petitioner requested that the UUWF conviction be vacated.

¶ 10     The State filed a "motion to dismiss" petitioner's section 2-1401 petitions, but actually it agreed with petitioner that his 2002 conviction for AUUW in count I for possessing an uncased firearm in public should be vacated pursuant to *Aguilar*. The State argued, though, that after vacating count I, the circuit court should "transfer" the sentence from count I to the constitutionally valid, unsentenced finding of guilt for AUUW in count III for possession of a firearm before reaching the age of 21. By imposing a sentence on count III, the circuit court would transform its finding of guilt on that count to a conviction (see *People v. Cruz*, 196 Ill. App. 3d 1047, 1052 (1990) (holding that it is the trial court's entry of judgment *and* imposition of a sentence that constitutes a conviction)). The newly sentenced conviction on count III for AUUW then would be the predicate felony conviction for the 2006 UUWF conviction.

¶ 11     On August 6, 2019, the circuit court denied the State's motion to dismiss and granted petitioner's section 2-1401 petitions. However, on September 4, 2019, the court announced that it was *sua sponte* revisiting its ruling, vacating the August 6 order, and granting the State's motion to dismiss the section 2-1401 petitions. Petitioner's counsel was present when the circuit court

announced its decision; however, petitioner was not personally present. The court issued a written order discussing *Aguilar* and *N.G.*, and explained:

"Before sentencing in 01 CR 11037, the petitioner stood convicted beyond a reasonable doubt in counts 1 and 3. Clearly, this Court must vacate the conviction in count 1 since it is void [under *Aguilar* and *N.G.*]. Because petitioner's unsentenced conviction in count 3 resulted from a fair and full exercise of due process, a transfer of judgment is proper in this matter ***. Transferring judgment will not run afoul of the one act, one crime doctrine because the original conviction in count 1 was void *ab initio*, in other words, it is like the conviction never happened. Therefore, nothing existed to be merged into; thus, no vacatur [of count 3] occurred."

¶ 12 The circuit court ordered:

"1. The August 6, 2019, order which denied the State's motion to dismiss [petitioner's] section 2-1401 petitions and granted the relief requested in [petitioner's] petitions is VACATED;

2. The State's joint motion to dismiss [petitioner's] section 2-1401 petitions is GRANTED;

3. Petitioner's conviction and sentence in count 1 of 01 CR 11037 is VACATED;

4. *Nunc pro tunc* to October 9, 2002, as to count 3 of 01 CR 11037, the previously entered judgment and sentence of probation is TRANSFERRED; and

5. *Nunc pro tunc* to September 19, 2003, the sentence of probation is TERMINATED unsatisfactorily, and the one year sentence of incarceration is ENTERED and considered SATISFIED."

¶ 13    The circuit court also determined that its *nunc pro tunc* order was sufficient to allow the newly sentenced conviction on count III to serve as the predicate felony for the 2006 conviction for UUWF.

¶ 14    On April 12, 2021, we granted petitioner leave to file a late notice of appeal from the September 4, 2019, order dismissing his section 2-1401 petitions.

¶ 15    Section 2-1401 of the Code establishes a statutory procedure for a party seeking to vacate a final judgment, including a criminal conviction, that was entered more than 30 days prior. 735 ILCS 5/2-1401(a) (West 2020); *People v. Haynes*, 192 Ill. 2d 437, 460-61 (2000). Proceedings under this section are viewed as a collateral attack on the judgment and not as a continuation of the underlying litigation. *People v. Ellis*, 2020 IL App (1st) 190774, ¶ 14. Generally, a petition for relief from judgment under section 2-1401 must be filed within two years after entry of judgment. 735 ILCS 5/2-1401(c) (West 2020). However, an exception exists when, as here, the petitions allege that the underlying judgments are void. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002). We review the dismissal of a section 2-1401 petition *de novo*. *PNC Bank, National Ass'n v. Kusmierz*, 2022 IL 126606, ¶ 10.

¶ 16    The parties agree that the circuit court's dismissal order correctly vacated petitioner's 2002 conviction for AUUW (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2000)) on count I as unconstitutional under *Aguilar*. The parties are correct, and accordingly, we affirm the order vacating petitioner's conviction on count I.

¶ 17     Petitioner argues, though, that the circuit court erred when it "transferred" the sentence of probation that had been imposed on count I to count III *nunc pro tunc* to the date of the original sentencing decision. Petitioner further argues that the court erred by transferring the revocation of probation and the one-year prison sentence subsequently imposed on count I to count III

*nunc pro tunc* to the date when that order originally was entered. Finally, petitioner argues that the circuit court erred by finding that the *nunc pro tunc* order transferring the sentence on count I to count III was sufficient to allow the newly sentenced conviction on count III to serve as the predicate offense for the 2006 conviction for UUWF.

¶ 18    The State responds that the circuit court's order was a "pragmatic and equitable solution to the problem posed by the application of *Aguilar* to these specific facts."

¶ 19    We agree with petitioner. The use of *nunc pro tunc* orders is "limited to incorporating into the record something which was *actually* previously done by the court but inadvertently omitted by clerical error." (Emphasis added.) *People v. Melchor*, 226 Ill. 2d 24, 32 (2007). In other words, a *nunc pro tunc* order reflects the reality of what occurred (*Jayko v. Fraczek*, 2012 IL App (1st) 103665, ¶ 29) so that the record "reflects the actual order or judgment rendered by the court." *Johnson v. First National Bank of Park Ridge U/T No. 205*, 123 Ill. App. 3d 823, 827 (1984). The correction must be based on "a note, memorandum, or paper remaining in the file or records of the court, rather than a personal recollection of the trial judge or some other person." *Jayko*, 2012 IL App (1st) 103665, ¶ 29. A *nunc pro tunc* order should not be entered if the omitted judicial action " 'is the result of either a deliberate decision by the judge or relates to an issue that was not presented to the judge.' " *Deutsche Bank National Trust Co. v. Ivicic*, 2015 IL App (2d) 140970, ¶ 17 (quoting *Z.R.L. Corp. v. Great Central Insurance Co.*, 201 Ill. App. 3d 843, 845 (1990)). Thus, a *nunc pro tunc* order may not be used to rule on a matter of substance or to retroactively correct an alleged error involving the merits of the case. *Jayko*, 2012 IL App (1st) 103665, ¶ 29. Whether an order satisfies the legal criteria for a *nunc pro tunc* order is reviewed *de novo*. *People v. Jones*, 2016 IL App (1st) 142582, ¶ 12.

¶ 20    In the present case, the circuit court's October 9, 2002, judgment and sentencing orders in case number 01-CR-11037 accurately reflected its decision finding petitioner guilty of count I of AUUW for possessing an uncased firearm in public (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2000)) and of count III of AUUW for possessing a firearm before the age of 21 (720 ILCS 5/24-1.6(a)(1), (a)(3)(I) (West 2000)); merging count III into count I based on the one-act, one-crime doctrine; and sentencing defendant to 1½ years of probation on count I. The court's September 19, 2003, order accurately reflected its decision to revoke petitioner's probation and sentence him to one year's imprisonment on count I. The *Aguilar* decision was not issued by the supreme court until about 10 years later in 2013, and thus it obviously never was presented or argued to the circuit court prior to the entering of its judgment and sentencing orders. As the October 9, 2002, and September 19, 2003, orders accurately reflected the circuit court's deliberate decisions concerning petitioner's conviction and sentence, there was no clerical error to be corrected by a *nunc pro tunc* order. Thus, on the facts of this case, the court went beyond the permitted scope of a *nunc pro tunc* order when in 2019 it "transferred" the sentence on count I to count III, as the transfer of sentences did not correct any clerical errors in the transcription of the judgment but instead constituted a substantive change in that judgment in response to *Aguilar*. Accordingly, we reverse the circuit court's *nunc pro tunc* order and vacate the sentence on count III.

¶ 21    We recognize that the circuit court sought to comply with *Aguilar* and its progeny by vacating the conviction of AUUW in count I, treating count III as if it had never merged into count I, and transferring the sentence on count I to count III *nunc pro tunc* to the date of the original sentencing order. However, *Aguilar* instructs that when, as here, a conviction under section 24-1.6(a)(3)(A) of the AUUW statute is vacated, leaving in its stead an unsentenced, constitutionally valid finding of guilt on a different charge, the proper course is to remand for sentencing on the

constitutionally valid count. See *Aguilar*, 2013 IL 112116, ¶ 30. The new sentence may not exceed the sentence previously imposed on the invalid AUUW conviction. *Id.* Accordingly, we remand for a new sentencing hearing on the constitutionally valid finding of guilt on count III for possessing a firearm before the age of 21 in violation of section 24-1.6(a)(3)(I) of the AUUW statute. The circuit court is instructed to impose a sentence on count III no greater than the sentence imposed on count I, with credit for time served.

¶ 22    In so holding, we also note that the circuit court's *nunc pro tunc* order divested petitioner of his constitutional right under article VI, section 6, of the Illinois Constitution to appeal his newly sentenced conviction on count III. See Ill. Const. 1970, art. VI, § 6. When in 2002 the court found petitioner guilty in case number 01-CR-11037 on count III for AUUW for possessing a firearm before reaching the age of 21, he could not then appeal that finding because no sentence was imposed and therefore there was no appealable conviction. See *People v. Jones*, 2019 IL App (1st) 170478, ¶ 24. The 2019 order now on appeal seeks to transform the finding of guilt on count III into an appealable conviction by transferring the sentence on count I to count III, *nunc pro tunc* to the dates of the original sentencing decisions, that is, October 9, 2002, and September 19, 2003. However, the effect of the *nunc pro tunc* order would be to make it as if petitioner was sentenced on his conviction on count III almost 20 years ago, well outside the window to now file a timely notice of appeal therefrom. See Illinois Supreme Court Rule 606(b) (eff. Mar. 12, 2021). By reversing the *nunc pro tunc* order, vacating petitioner's sentence on count III, and remanding for a new sentencing hearing thereon, we preserve petitioner's constitutional right to appeal once the sentence is imposed.

¶ 23    In addition, the circuit court's *nunc pro tunc* order transferring the sentence from count I to count III in case number 01-CR-11037 denied petitioner his constitutional right to be present at

sentencing. The Illinois Constitution (Ill. Const. 1970, art. I, § 8) guarantees petitioner the right to appear and defend himself at every stage of the proceedings, including during imposition of sentencing. *People v. Fields*, 255 Ill. App. 3d 787, 789 (1993). Although petitioner may voluntarily waive his right to be present at sentencing (*id.*), there is no indication in the record that he waived his right in this case. The State argues that because petitioner was represented by counsel when the sentence was transferred from count I to count III, his rights were protected and his presence was waived. However, trial counsel cannot waive petitioner's constitutional right to be present during sentencing. *People v. Etheridge*, 35 Ill. App. 3d 981, 983 (1976).

¶ 24    The State also argues that the entry of the *nunc pro tunc* order was merely a ministerial act ensuring that the record accurately reflected his sentence on count III and, as such, that petitioner was not required to be present because the court did not in fact impose a new sentence when issuing its order. The record indicates otherwise. On October 9, 2002, the circuit court merged count III into count I and sentenced petitioner to 1½ years of probation only on count I. On September 19, 2003, the court revoked petitioner's probation and sentenced him to one year in prison on count I. The circuit court *never* sentenced petitioner on count III, either on October 9, 2002, or on September 19, 2003. Thus, the court's 2019 *nunc pro tunc* order, transferring the sentence from count I to count III, constituted the imposition of a new sentence on count III. Petitioner had the constitutional right to be present.

¶ 25    Next, we address the circuit court's finding that the *nunc pro tunc* order transferring the sentence for AUUW on count I to count III in case number 01-CR-11037 was sufficient to establish the predicate felony conviction necessary to sustain petitioner's conviction for UUWF in case number 06-CR-15198. The elements of UUWF are (1) the knowing use or possession of a firearm and (2) a prior felony conviction. See 720 ILCS 5/24-1.1(a) (West 2020). When charging petitioner

with UUWF in 2006, the indictment specified that the predicate felony conviction was "the felony offense of [AUUW], under case number 01 CR 11037."

¶ 26    As discussed earlier in this opinion, petitioner's 2002 AUUW conviction on count I in case number 01-CR-11037 for possessing an uncased firearm in public is unconstitutional under *Aguilar* and, as such, is void *ab initio* and may not be used as the predicate felony conviction for the 2006 UUWF conviction. See *Aguilar*, 2013 IL 112116, ¶ 22; *Burns*, 2015 IL 117387, ¶ 25; *N.G.*, 2018 IL 121939, ¶ 50.

¶ 27    Nor may the circuit court's 2002 judgment in case number 01-CR-11037 on count III, which found petitioner guilty of AUUW for possession of a firearm before reaching the age of 21, be used as the predicate felony conviction for the 2006 UUWF conviction. The circuit court recognized that in the absence of a sentence, the judgment finding petitioner guilty of AUUW in count III is not considered a "conviction" that can be used as the predicate offense for the 2006 conviction of UUWF (*Cruz*, 196 Ill. App. 3d at 1052). Therefore, the circuit court entered the order (1) transferring count I's sentence of probation to count III *nunc pro tunc* to October 9, 2002, and (2) transferring the revocation of probation and one-year sentence in count I to count III *nunc pro tunc* to September 19, 2003. By doing so, the court sought to transform the 2002 judgment finding petitioner guilty of AUUW in count III to a felony conviction that could be used as the predicate offense for petitioner's 2006 UUWF conviction.

¶ 28    However, for the reasons discussed earlier in this opinion, the circuit court went beyond the scope of a *nunc pro tunc* order in so transferring the sentence in case number 01-CR-11037 from count I to count III and therefore we are reversing the *nunc pro tunc* order, vacating petitioner's sentence on count III, and remanding for a new sentencing hearing on count III. On remand, the new sentence imposed on count III will transform the finding of guilt into a conviction

for AUUW, but the conviction will not be retroactive to either October 9, 2002, or September 19, 2003, and thus it cannot serve as the predicate offense for petitioner's 2006 conviction for UUWF.

¶ 29    As petitioner's 2006 conviction for UUWF is unsupported by a valid prior predicate felony conviction, the circuit court should have vacated the UUWF conviction on petitioner's section 2-1401 petition.

¶ 30    For all the foregoing reasons, we affirm the circuit court's order vacating petitioner's AUUW conviction on count I in case number 01-CR-11037; reverse the order transferring the sentence of probation in case number 01-CR-11037 from count I to count III, *nunc pro tunc* to October 9, 2002; reverse the order transferring the revocation of probation and sentence of one year's imprisonment in case number 01-CR-11037 from count I to count III, *nunc pro tunc* to September 19, 2003; vacate petitioner's sentence on count III in case number 01-CR-11037; remand for sentencing on count III in case number 01-CR-11037, with instructions for the circuit court to impose a sentence not to exceed the sentence imposed for the AUUW conviction in count I, with credit for time served; and vacate petitioner's conviction for UUWF in case number 06-CR-15198.

¶ 31    Affirmed in part, reversed in part, and vacated in part; cause remanded with directions.

---

*People v. Calvillo*, **2022 IL App (1st) 200886**

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, Nos. 01-CR-11037, 06-CR-15198; the Hon. Alfredo Maldonado, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and John R. Breffeilh, of State Appellate Defender's Office, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Enrique Abraham, Douglas P. Harvath, Matthew Connors, and Zachary M. Slavens, Assistant State's Attorneys, of counsel), for the People. |

---