2024 IL App (1st) 221474

No. 1-22-1474

FIRST DISTRICT
SECOND DIVISION
September 17, 2024

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the
) Circuit Court of
    Plaintiff-Appellee, ) Cook County.
)
    v. ) No. 10 CR 4033
)
KORTNEY ADAMS, ) Honorable
) Steven Jay Rosenblum,
    Defendant-Appellant. ) Judge Presiding.

JUSTICE HOWSE delivered the judgment of the court, with opinion.
Justices McBride and Ellis concurred in the judgment and opinion.

OPINION

¶ 1 The circuit court of Cook County, pursuant to a negotiated guilty plea, convicted defendant, Kortney Adams, of one count of armed habitual criminal (AHC) (720 ILCS 5/24-1.7 (West 2010)) and nol-prossed five remaining counts in the information. A defendant commits AHC when they are in possession of a firearm, after being convicted of two or more qualifying offenses. *Id*. At the time of defendant's plea, one of his qualifying offenses was aggravated unlawful use of a weapon (AUUW) (*id.* § 24-1.6). AUUW was declared unconstitutional and void *ab initio*. Defendant filed a petition for relief from the judgment of conviction for AHC, pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)). The trial court initially denied the petition but, upon rehearing, granted the petition in part. The petition sought complete vacatur of the conviction, but the trial court vacated the conviction for AHC and entered a conviction for the lesser-included offense of unlawful use of a weapon by a felon (UUWF) (720 ILCS 5/24-1.1 (West 2010)). The court resentenced defendant to a term of imprisonment with credit for time already served sufficient to satisfy the new sentence.

1-22-1474

¶ 2    Defendant appealed on the primary grounds that (1) the declaration that AUUW is void *ab initio* voided the conviction for AHC such that no further proceedings on the AHC conviction were permitted, including reduction of the offense to a lesser-included offense, and (2) because the statute of limitations had expired, the trial court could not grant leave to amend the count in the information charging AHC to charge UUWF.

¶ 3    For the following reasons, we affirm.

¶ 4                                I. BACKGROUND

¶ 5    On March 4, 2010, following defendant's arrest after a routine traffic stop (tinted windows), the State charged defendant by information with AHC (count I), four counts of AUUW (counts II-V), and unlawful use of a weapon by a felon (UUWF) (count VI). Count I alleged that defendant committed AHC in that he knowingly or intentionally possessed a firearm after having been convicted of aggravated vehicular hijacking under case No. 06CR18353 and AUUW. Count VI alleged defendant knowingly possessed on or about his person any firearm after having been previously convicted of aggravated vehicular hijacking under case No. 06CR18353.

¶ 6    On July 16, 2010, pursuant to a negotiated guilty plea, the trial court entered a judgment of conviction on count I for armed habitual criminal and sentenced defendant to six years' imprisonment. At the plea hearing, the trial court explained that count I alleged that defendant possessed a firearm after previous convictions for aggravated vehicular hijacking and AUUW. The court admonished defendant as to the ramifications of his plea and defendant's rights. At the conclusion of the court's admonishments, the court found that defendant knew and understood his rights, that he was entering the plea knowingly and voluntarily, and that

- 2 -

"based upon the factual matters that were presented to me in the course of the 402 conference as to what the State's evidence at trial would be as well as my review of the arrest report and the transcript, there would be a sufficient factual basis for me to accept the plea of guilty [to AHC]."

The court accepted the plea and entered judgment on the finding.

¶ 7    On May 11, 2017, defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2016)), seeking an order "vacating the judgment conviction entered against defendant in February 2010 for the offense of armed habitual." The petition alleged the statute under which defendant was convicted was found facially unconstitutional in *People v. Aguilar*, 2013 IL 112116, and *People v. Burns*, 2015 IL 117387, "rendering the judgment and conviction against me invalid" and void. Defendant's *pro se* petition asked for his conviction and sentence for AHC to be vacated "and held as naught."

¶ 8    On July 21, 2017, the trial court denied defendant's petition. The trial court's written order states "non-meritorious PC [(2-1401)] claim—denied."

¶ 9    On April 23, 2018, in an unrelated proceeding, the trial court entered on order vacating defendant's prior conviction for AUUW. Defendant's 2-1401 petition in this case was placed back on the court's call. On May 20, 2022, the trial court heard arguments on defendant's 2-1401 petition. At the time of the hearing, defendant was imprisoned on a violation of parole from an unrelated gun charge and had another unrelated gun charge pending. The court noted the parties' respective positions. The State agreed that defendant's conviction for AHC should be vacated but argued that defendant should be resentenced "on the lesser-included offense." Defendant's position was that "he should just be discharged on this case." Defendant, represented by counsel,

argued that the AHC conviction could not stand because defendant's void AUUW conviction cannot serve as a qualifying felony. Defendant argued the former AUUW conviction could give "no rise to any criminal statute or create any legal impediment and no authority [*sic*]." Therefore, defendant argued, "there is no lesser included." Defendant relied on the Fourth District order in *People v. Shoulder*, 2021 IL App (4th) 200286-U, in support of his argument, and acknowledged that the order was not precedent but could be "advisory" to the court.

¶ 10    The State argued the fact that one of the qualifying offenses for defendant's AHC conviction was declared void "does not mean that this entire case goes away." The State argued that "by operation of law" defendant would still be subject to the lesser-included offense of UUWF "because the aggravated vehicular hijacking conviction is still good." The State asked that defendant be resentenced to UUWF. The trial court concluded that the AHC conviction should be vacated but "that does not erase the entire conviction in this case. It merely adjusts the conviction to the lesser-included offense of unlawful use of a weapon by a felon." The court vacated the AHC conviction and ordered "the lesser-included UUW by felon *** that conviction is to stand." The court informed the parties that because they could not reach an agreement on sentencing, the matter had to be continued for a presentencing investigation (PSI) and a sentencing hearing.

¶ 11    On September 9, 2022, the trial court held a sentencing hearing on defendant's conviction for UUWF. As it pertains to this appeal, at the sentencing hearing, the trial court asked whether count I of the information was amended or if the matter proceeded on a different count. The State informed the court that count VI of the information charged UUWF and stated that "it might be just easier to amend count 1." The court responded:

"I don't know that it's necessary to amend it. That ruling was the lesser included was included. But if both parties wish to do it by purposes of amendment so that it's clear to the Illinois Department of Corrections [(IDOC)] so that they don't get it wrong, I don't have a problem with that doing that amendment on the record."

¶ 12    Defendant's attorney did not object to amending count I. The trial court stated the amendment was made so that IDOC did not make a wrong decision by believing defendant's conviction was on a higher class crime that would interfere with his rights. The court granted leave to amend count I to UUWF without objection.

¶ 13    The trial court stated it would not consider anything in defendant's background that did not occur prior to this case in sentencing defendant. The court sentenced defendant to five years' imprisonment and waived mandatory supervised release "because he's already served out that entire sentence." The court stated, without a request from either party, "this order is *nunc pro tunc* to the date of the original plea."

¶ 14    On September 9, 2022, the trial court entered a judgment of conviction and sentence convicting defendant of UUWF and sentencing him to five years' imprisonment with credit for five years of time served. The written order also states as follows: "CT. 1-DEFENDANT RESENTENCED TO 5 YEARS IDOC-5 YEARS TS-*NUNC PRO TUNC* 7/16/10."

¶ 15    This appeal followed.

¶ 16                                II. ANALYSIS

¶ 17    This is an appeal from a judgment granting in part and denying in part a petition pursuant to section 2-1401 of the Code. "[S]ection 2-1401 of the Code represents a comprehensive statutory procedure authorizing a trial court to vacate or modify a final order or judgment in civil and criminal proceedings." (Internal quotation marks omitted.) *People v. Daniels*, 2017 IL App

(1st) 142130-B, ¶ 10. A petition for relief from judgment must be filed more than 30 days after the judgment but within two years of the judgment attacked. 735 ILCS 5/2-1401(a), (c) (West 2016). In this case, defendant filed his petition more than two years after the trial court entered the judgment of conviction. Nonetheless, an exception exists when the petition alleges that the underlying judgment is void. *People v. Calvillo*, 2022 IL App (1st) 200886, ¶ 15 (citing *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002)).

¶ 18 The petition in this case raised a purely legal question. The question the petition raised is whether a conviction for an offense that requires at least two qualifying offenses as an element of the offense, that is vacated because one of the two qualifying offenses is declared void *ab initio*, can be reduced to a lesser-included offense. When we review a judgment on a section 2-1401 petition that raises a purely legal challenge to a judgment we apply *de novo* review. *Daniels*, 2017 IL App (1st) 142130-B, ¶ 10 ("Where a section 2-1401 petition raises a purely legal challenge to a judgment, the standard of review is *de novo*." (citing *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 47)).

¶ 19 Initially, we note there is no dispute that the trial court had jurisdiction in this case or that this court has jurisdiction over this appeal. Defendant's 2-1401 petition was dismissed in 2017. Defendant did not file any posttrial motions or an appeal. However, in 2022, the trial court revisited the 2-1401 petition after one of defendant's qualifying convictions required for his AHC conviction was declared void *ab initio*. Defendant filed this appeal after his petition was partially denied by the trial court. "Generally, the circuit court loses jurisdiction 30 days following the entry of a final judgment if no postjudgment motions are filed." *People v. Lake*, 2020 IL App (1st) 170309, ¶ 14. However, "under limited circumstances, the circuit court may

be revested with jurisdiction after a judgment becomes final." *Id.* ¶ 17 (citing *People v. Bailey*, 2014 IL 115459, ¶ 25).

> "[F]or the revestment doctrine to apply, *both* parties must: (1) actively participate in the proceedings; (2) fail to object to the untimeliness of the late filing; *and* (3) assert positions that make the proceedings inconsistent with the merits of the prior judgment and support the setting aside of at least part of that judgment. If any one of those requirements remains unmet, the doctrine does not revest the court with jurisdiction." (Emphases in original.) *Bailey*, 2014 IL 115459, ¶ 25.

¶ 20    In this case, the parties do not dispute that they both actively participated, did not object, and asserted positions inconsistent with the merits of the prior judgment and which support the setting aside of at least part of that judgment. The prior judgment convicted defendant of AHC, and the parties agreed that conviction should be vacated. Defendant filed a timely notice of appeal from the trial court's subsequent judgment of conviction of UUWF. "[I]f a trial court is revested with jurisdiction, then a notice of appeal filed within 30 days after a ruling on the untimely postjudgment motion vests the appellate court with jurisdiction." (Internal quotation marks omitted.) *People v. Blalock*, 2012 IL App (4th) 110041, ¶ 12. Therefore, this court has jurisdiction of the appeal.

¶ 21    We also note at the outset that it is now well established, and there is no dispute between the parties, that the AUUW statute under which defendant was convicted, and which served as one of the qualifying offenses for his conviction for AHC, is unconstitutional and void *ab initio*. See *Calvillo*, 2022 IL App (1st) 200886, ¶ 5 (*Burns* clarified *Aguilar* and held that the AUUW statute is facially unconstitutional, without limitation (citing *Burns*, 2015 IL 117387)).

¶ 22    On appeal, defendant argues for the first time that the trial court was not authorized to grant leave to amend count I of the information to the lesser included charge of UUWF because his conviction for AHC is void, and, therefore, no further proceedings could be had on his conviction, including convicting and sentencing defendant to a lesser-included offense. Additionally, defendant argues that because the AHC conviction is void, further proceedings on that conviction now, when his 2-1401 petition was filed more than three years after the initial conviction, are barred by the statute of limitations.

¶ 23    First, UUWF is a lesser-included offense of the AHC. The State charged defendant with AHC in count I and UUWF in count VI. The State voluntarily dismissed the separate charge for UUWF as part of defendant's negotiated guilty plea. Under the abstract elements approach it must be impossible to commit the greater offense without necessarily committing the lesser offense. *People v. Miller*, 238 Ill. 2d 161, 166 (2010). The elements of AHC are (1) possession of a firearm and (2) at least two prior convictions for a forcible felony or a specifically enumerated qualifying offense, including aggravated vehicular hijacking. 720 ILCS 5/24-1.7 (West 2010). The elements of UUWF are (1) possession of a firearm and (2) one prior conviction for a felony. *Id.* § 24-1.1(a). All of the elements of UUWF are included in the charge of AHC. The UUWF contains no element not included in AHC. It would be impossible to commit AHC in this case (*i.e.*, possessing a firearm after previously being convicted of felony aggravated vehicular hijacking and AUUW) without necessarily committing UUWF in this case (*i.e.*, possessing a firearm after previously being convicted of a felony). In addition, the State charged aggravated vehicular hijacking as the predicate offense for UUWF in count VI, and the State charged aggravated vehicular hijacking as one of defendant's qualifying offenses for AHC in

count I. Therefore, UUWF is a lesser-included offense of the AHC. See *Miller*, 238 Ill. 2d at 166.

¶ 24 Nonetheless, defendant argues that because one of the qualifying offenses for AHC is void *ab initio*, the AHC conviction is also "void" and "a nullity with no legal effect," which could not be "reduced" to the lesser-included offense of UUWF, because "there was no conviction to reduce." Defendant argues that this fact distinguishes this case from those in which the evidence is found insufficient to prove the greater offense. Here, defendant argues, "the conviction of AHC has been rendered to have no legal effect such that there is no greater offense; as such, there can be no lesser-included offense."

¶ 25 The State responds that the void *ab initio* doctrine did not preclude entering a conviction on the lesser-included offense of UUWF because (1) defendant's plea established his guilt of UUWF and (2) convicting defendant of UUWF does not "use[ ]" his void AUUW conviction for "any purpose," particularly not to "support guilt or enhance punishment for [UUWF]." (Internal quotation marks omitted.) *In re N.G.*, 2018 IL 121939, ¶¶ 36, 38. The State concedes that defendant's conviction for AHC was properly vacated but the State asserts that the conviction for UUWF "does not violate the tenets of the void *ab initio* doctrine." Finally, the State argues that defendant's authorities fail to establish that reducing a vacated conviction for AHC to UUWF is prohibited.

¶ 26 Defendant replies that the State confuses circumstances in which AHC is insufficiently proven, and therefore reducible to a lesser-included offense, from circumstances in which the AHC conviction is void, leaving nothing from which to reduce the conviction to a lesser-included offense. Defendant reiterates his argument that because the qualifying offense is void

*ab initio*, the AHC conviction is also void and "of no legal effect," such that there is no greater offense to reduce to a lesser offense.

¶ 27    The trial was authorized to convict defendant for the lesser-included offense of UUWF. Furthermore, defendant forfeited any objection to granting leave to amend, based on the statute of limitations, by not objecting and in fact acquiescing to the amendment.

¶ 28    In support of his argument that no further proceedings could be held after the AHC conviction was vacated, defendant relied particularly on *People v. Matthews*, 2022 IL App (4th) 210752, and, as in the trial court, *Shoulder*, 2021 IL App (4th) 200286-U. Defendant argues that *Matthews* stands for the proposition that, under those circumstances, an AHC conviction is itself void and not merely reversible for insufficiency of the evidence and for that reason cannot be "reduced" to a lesser-included offense.

¶ 29    In *Matthews*, the defendant argued, in part, that his conviction for AHC should be vacated because it was predicated on a void UUWF conviction—the UUWF conviction being void because it was predicated on a void unlawful use of weapons (UUW) (Ill. Rev. Stat. 1989, ch. 38, ¶ 24-1(a)(4)) conviction. *Matthews*, 2022 IL App (4th) 210752, ¶¶ 2, 30. The *Matthews* court found the defendant's two UUW convictions void *ab initio*. *Id.* ¶¶ 32, 37. Next, the court found that the defendant's convictions for UUWF were "void and must be vacated" (*id.* ¶ 43) because they were predicated on one of the defendant's void UUW convictions (*id.* ¶ 39). Turning to the AHC conviction, the defendant in *Matthews* argued that the conviction was void and should be vacated because it was "premised on one of his void convictions for UUWF." *Id.* ¶ 45. The *Matthews* court found that the defendant's "AHC conviction [was] void because it derived from his void conviction for UUWF." *Id.* ¶ 49. The *Matthews* court found that the defendant's claim "concerning his AHC conviction is not a challenge to the sufficiency of the

evidence but rather a claim that his AHC conviction is void because it derived from a void conviction for UUWF." *Matthews*, 2022 IL App (4th) 210752, ¶ 51.

¶ 30 We agree that the *Matthews* court held that the defendant's conviction for AHC in that case was "void" because it derived from a void qualifying offense. We also agree that, under the facts of that case, the AHC conviction was "not merely reversible for insufficiency of the evidence." However, the *Matthews* court did not hold that upon vacatur of the AHC conviction as void the State could not sentence the defendant for a lesser-included offense.

¶ 31 Defendant argues that *Shoulder* stands for the proposition that a void conviction for AHC cannot be reduced to UUWF. In an unpublished order of the Fourth District of this court, the defendant's conviction for AHC was vacated because his prior conviction for AUUW that was used as one of the qualifying offenses for AHC had been rendered void by *Aguilar*. *Shoulder*, 2021 IL App (4th) 200286-U, ¶¶ 3-4. The defendant's conviction for AHC resulted from a fully negotiated guilty plea. *Id.* ¶ 6. The factual basis for the plea included two prior convictions for qualifying offenses for AHC, including AUUW. *Id.* ¶ 7. The defendant filed a 2-1401 petition for relief from judgment on the ground his plea was invalid because he received ineffective assistance of counsel during the plea, where his AUUW conviction was rendered void by *Aguilar*. *Id.* ¶ 9. In that same appeal, the defendant sought vacatur of the qualifying AUUW conviction as void *ab initio*. *Id.* ¶ 4.

¶ 32 The *Shoulder* court took judicial notice of the defendant's prior conviction for AUUW and vacated it as unconstitutional and void *ab initio*. *Id.* ¶ 18. The *Shoulder* court cited *Montgomery v. Louisiana*, 577 U.S. 190 (2016), for the proposition that a conviction under an unconstitutional law is illegal and void. *Shoulder*, 2021 IL App (4th) 200286-U, ¶ 15 (citing *Montgomery*, 577 U.S. at 203). In discussing the void *ab initio* doctrine, the *Shoulder* court cited

*N.G.* for the proposition that a conviction from a facially unconstitutional statute must be treated as if it did not exist, and it cannot be used for any purpose under any circumstance. *Id.* (citing *N.G.*, 2018 IL 121939, ¶ 36). Turning to the defendant's conviction for AHC, the court found that an unconstitutional AUUW conviction may not be used as a qualifying offense for AHC. *Id.* ¶ 21 (citing *People v. Cavette*, 2018 IL App (4th) 150910, ¶ 26). In *Shoulder*, the State argued that the conviction for AHC should be reduced to the lesser-included offense of UUWF because it was uncontested that the defendant possessed a gun after having previously been convicted of a felony, specifically the felony alleged as the second qualifying offense for AHC in that case. *Id.* ¶ 22. The defendant countered the State had not charged him with UUWF. *Id.*

¶ 33      The *Shoulder* court rejected the State's argument, pursuant to Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020), finding the State failed to provide adequate support for its argument. *Shoulder*, 2021 IL App (4th) 200286-U, ¶ 23. The *Shoulder* court found that the sole authority the State cited in support of its argument that the defendant's conviction should be reduced to the lesser-included offense of UUWF did not support the State's argument that UUWF *is* a lesser-included offense of AHC. *Id.* That case, *People v. Crosby*, 2017 IL App (1st) 121645, had refused to reduce a defendant's conviction for AHC to UUWF on double jeopardy grounds. *Shoulder*, 2021 IL App (4th) 200286-U, ¶ 23 (citing *Crosby*, 2017 IL App (1st) 121645, ¶¶ 17-18).

¶ 34      The *Shoulder* court further noted that, in the court's earlier decision in *Cavette*, 2018 IL App (4th) 150910, ¶ 26, the court had, "[a]pplying the rationale of *N.G.* and the void *ab initio* doctrine, found the defendant's void AUUW conviction could not serve as a predicate offense for being an armed habitual criminal and, therefore, reversed outright [the] defendant's

conviction for armed habitual criminal, without remanding." (Internal quotation marks omitted.) *Shoulder*, 2021 IL App (4th) 200286-U, ¶ 23 (citing *Cavette*, 2018 IL App (4th) 150910, ¶ 26).

¶ 35    The *Shoulder* court did not make a substantive ruling that vacating a conviction for AHC on the grounds one of the qualifying offenses is void *ab initio* precludes the court from entering a judgment of conviction on a lesser-included offense because the greater offense "no longer exists." Furthermore, we note that in *Cavette*, the Fourth District did not contend with the question of whether a void conviction for AHC precludes a conviction for the lesser-included offense of UUWF. See *Cavette*, 2018 IL App (4th) 150910, ¶¶ 16-26. The *Cavette* court found that the question in that case was simply "whether [the] defendant's unconstitutional AUUW conviction may serve as a predicate felony conviction for [AHC]." *Id.* ¶ 22. The court held it could not. See *id.* ¶ 26 ("we find [the] defendant's void AUUW conviction may not serve as a predicate felony conviction for armed habitual criminal"); accord *People v. Barefield*, 2019 IL App (3d) 160516, ¶ 29 (reversing denial of petition to vacate conviction for AHC, based on AUUW, and remanding for determination whether convictions for AUUW were under section of statute found facially unconstitutional, without addressing any lesser-included offenses or UUWF).

¶ 36    As the appellant, defendant had the burden to affirmatively establish the errors on review. *Mendez v. City of Chicago*, 2023 IL App (1st) 211513, ¶ 28. Defendant has failed in his burden to establish that the void conviction for AHC itself precludes conviction on a lesser-included offense to that charge. We find that the trial court could convict defendant of the lesser-included offense of UUWF.

¶ 37    The court has held that "an indictment of an offense also serves as an indictment of all included offenses even though the latter are not specifically set forth in the indictment." *People*

*v. Izquierdo-Flores*, 332 Ill. App. 3d 632, 637 (2002) (citing *People v. Melmuka*, 173 Ill. App. 3d 735, 736 (1988)). "[A] defendant may be convicted of an offense that was not included in the charging instrument if that offense is a lesser-included offense of the crime actually charged, and the evidence presented at trial rationally supports that outcome." *People v. Robinson*, 232 Ill. 2d 98, 104-05 (2008) (citing *People v. Kolton*, 219 Ill. 2d 353, 360 (2006)); *People v. Kennebrew*, 2013 IL 113998, ¶ 27 ("A defendant may *** be convicted of an uncharged offense if it is a lesser-included offense of a crime expressly charged in the charging instrument [citation], and the evidence adduced at trial rationally supports a conviction on the lesser-included offense and an acquittal on the greater offense [citation]." (Internal quotation marks omitted.)). "If, using the charging instrument approach, it is determined that a particular offense is a lesser-included offense of a charged crime, the court must then examine the evidence adduced at trial to decide whether the evidence rationally supports a conviction on the lesser offense." *Kolton*, 219 Ill. 2d at 361.

¶ 38    We have already found that UUWF is a lesser-included offense of the AHC. Therefore, the charge in count I also served as a charge for UUWF. See *Izquierdo-Flores*, 332 Ill. App. 3d at 637. We also find that the evidence adduced in the original proceedings rationally supports a conviction on the lesser-included offense and an acquittal on the greater offense. See *Kennebrew*, 2013 IL 113998, ¶ 27. The factual basis for defendant's guilty plea included his possession of a firearm, his prior conviction for felony aggravated vehicular hijacking, and his void conviction for AUUW. The evidence supports a conviction for UUWF (possession of a firearm and a prior conviction for aggravated vehicular hijacking) and an acquittal of AHC (there being only one qualifying offense). See *id.*

¶ 39    Therefore, we find the court could convict defendant of UUWF as a lesser included offense to count I of the information. See *Robinson*, 232 Ill. 2d at 104-05. Count I of the information did not have to be amended to convict defendant of the lesser-included offense. See *Izquierdo-Flores*, 332 Ill. App. 3d at 637. Nonetheless the trial court *did* grant leave to amend the charge in count I from AHC to UUWF as requested by both parties. Defendant not only did not object, he agreed to the amendment. The trial court properly convicted defendant of UUWF. This holding does not run afoul of *N.G.* The *N.G.* court held that:

> "a facially unconstitutional statute and any conviction based on the statute must
> be treated as if they *never existed*. Because they are nonexistent, as a matter of
> federal constitutional law, [they] must *** be ignored by the courts[;] using them
> against a defendant in any subsequent proceeding, civil or criminal, is ***
> conceptually impossible ***." (Emphasis in original.) *N.G.*, 2018 IL 121939,
> ¶ 74.

¶ 40    No facially unconstitutional statute or any conviction based on a facially unconstitutional statute is being used against defendant. Defendant's conviction for UUWF does not depend on or "use" the void conviction for AUUW (or the *conviction* for AHC). The conviction for UUWF is premised on UUWF being a lesser-included offense to the originally charged offense and defendant's admission that he possessed a firearm and was previously convicted of felony aggravated vehicular hijacking.

¶ 41    Defendant also argues that the amendment and subsequent conviction and resentencing were barred by the statute of limitations. The statute of limitations is not jurisdictional and its application is an affirmative defense that can be waived. *People v. Wells*, 2017 IL App (1st) 152758, ¶ 24. Defendant waived any statute of limitations defenses. Both parties requested and

agreed to the amendment. The court stated, "But if *both parties* wish to do it by purposes of amendment so that it's clear to the Illinois Department of Corrections [(IDOC)] so that they don't get it wrong, I don't have a problem with that doing that amendment on the record." (Emphasis added.) Defendant failed to object at any time on any grounds.

> "A defendant's failure to object at trial *** operates as a waiver of the right to raise the issue as a ground for reversal on review. ***
>
> *** [H]owever, *** a defendant's invitation or agreement to the procedure later challenged on appeal 'goes beyond mere waiver.' [Citation.] Indeed, Illinois courts sometimes refer to the issue as one of estoppel. [Citations.] That is, '[u]nder the doctrine of invited error, an accused may not request to proceed in one manner and then later contend on appeal that the course of action was in error.' [Citation.]" *People v. Harvey*, 211 Ill. 2d 368, 385 (2004).

¶ 42　　The State asserts defendant "expressly agreed to amend count I and proceed to resentencing on the amended count." Therefore, the State argues, defendant waived or is estopped from asserting the statute of limitations as a defense to the amended information. The State is correct. The State tendered an amended count I to the trial court. The court specifically asked defendant's attorney, "Do you have any objection to doing it this way?" Defendant's attorney responded, "I do not, your Honor." The court stated:

> "THE COURT: For the record, leave to amend Count 1 without objection. Waive re-swearing, reexecution?
>
> [Defendant's attorney]: Yes.
>
> THE COURT: That's granted. Unlawful use of a weapon by a felon under 720 5/24-1.1(a), Class 2."

The court then proceeded with the sentencing hearing.

¶ 43    Despite the obvious affirmative waiver of any defenses to amending the information and defendant's agreement to request leave to amend the information, defendant argues he sufficiently raised the statute of limitations as a defense to the amendment by objecting to any further proceedings on the conviction and arguing that "all the [trial] court was authorized to do was vacate outright the AHC conviction." Defendant also argues that the amendment to count I "altered the nature of the offense and the elements required to be proven, such that this constituted an impermissible substantive amendment."

¶ 44    Defendant waived any objections. The trial court specifically asked defense counsel whether she had any objection to the amendment, and she replied she did not. As the State notes, "failure to raise an error to the trial court with sufficient clarity and specificity results in forfeiture." *People v. Holmes*, 2016 IL App (1st) 132357, ¶ 84; see also *People v. Hollins*, 136 Ill. App. 3d 1, 10 (1985) (declining the defendant's invitation to infer a specific ground for the defendant's alleged "objection," where the "objection" was simply a referral back to an earlier explanation for certain actions). Moreover, defendant cannot argue that the trial court proceeded improperly when defendant invited the trial court to proceed in the manner it did. *Givens v. City of Chicago*, 2023 IL 127837, ¶ 77 ("it is fundamental to our adversarial process that a party forfeits his right to complain of an error where to do so would be inconsistent with the position taken by that party in an earlier court proceeding" (citing *McMath v. Katholi*, 191 Ill. 2d 251, 255 (2000) ("A party cannot complain of error which he induced the court to make or to which he consented."))). Defendant waived any error in the trial court's order granting leave to amend count I of the information.

¶ 45    Defendant also argues that he did not waive the statute of limitations because it was not his burden to raise the statute of limitations as a defense. Defendant asserts that "[w]here an indictment on its face shows that an offense was not committed within the applicable limitation period, it becomes an element of the State's case to allege and prove the existence of facts which invoke an exception to the limitation period." *People v. Morris*, 135 Ill. 2d 540, 546 (1990). Once again, if any error occurred, defendant invited it and cannot complain of it now. *Givens*, 2023 IL 127837, ¶ 77.

¶ 46    Next, we agree with defendant that the trial court's use of an order *nunc pro tunc* was improper.

> "The use of *nunc pro tunc* orders is limited to incorporating into the record
> something which was *actually* previously done by the court but inadvertently
> omitted by clerical error. [Citation.] In other words, a *nunc pro tunc* order reflects
> the reality of what occurred [citation] so that the record reflects the actual order or
> judgment rendered by the court. [Citation.] The correction must be based on a
> note, memorandum, or paper remaining in the file or records of the court, rather
> than a personal recollection of the trial judge or some other person. [Citation.] ***
> [A] *nunc pro tunc* order may not be used to rule on a matter of substance or to
> retroactively correct an alleged error involving the merits of the case." (Emphasis
> in original and internal quotation marks omitted.) *Calvillo*, 2022 IL App (1st)
> 200886, ¶ 19.

¶ 47    The trial court's judgment that it entered *nunc pro tunc* did not incorporate into the record something that was actually previously done by the court. See *id.* Defendant asks this court to vacate "the *nunc pro tunc* order allowing the amendment to count I and imposing a sentence ***

leaving only an outright reversal of the armed habitual criminal conviction." The State agrees that the order was improper but argues that defendant forfeited the argument for review, any error was harmless, or, alternatively, this court should strike the *nunc pro tunc* language from the order. We find any error in the trial court's inclusion of *nunc pro tunc* language in its judgment convicting and sentencing defendant is harmless beyond a reasonable doubt; therefore, reversal is not called for.

¶ 48    A defendant can forfeit a challenge to a *nunc pro tunc* order, and the order is subject to a harmless error analysis. See *People v. DeLisle*, 374 Ill. 437, 439-40 (1940). "The law in Illinois is that even where the trial judge has committed error, such error will not require reversal unless the defendant has been prejudiced or the outcome of the trial unduly influenced." *People v. Castro*, 109 Ill. App. 3d 561, 565 (1982). "Where it appears an error did not affect the outcome of the trial, or where the reviewing court can see from the entire record that the error did not result in substantial prejudice, the judgment will not be disturbed." *Fellows v. Barajas*, 2020 IL App (3d) 190388, ¶ 16 (error in the admission of evidence).

¶ 49    We find the error in the inclusion of the *nunc pro tunc* language in the trial court's subsequent judgment on the amended charge was harmless beyond a reasonable doubt. Defendant argues that the use of the *nunc pro tunc* language was an attempt to circumvent the statute of limitations. Without deciding that question, we have found that defendant waived the statute of limitations as a defense; therefore, there was no need to circumvent it. Further, we have found the trial court properly granted leave to amend the charge and convicted defendant of a lesser-included offense. The error did not affect the outcome—defendant would have been convicted, and sentenced, in the same manner, absent any alleged error. See *People v. Jackson*,

2020 IL 124112, ¶ 129 (finding harmless error where the trial court's action would have been the same absent the error).

¶ 50    Finally, defendant asks that if this court finds the statute of limitations issue is waived (which we have) that we find that defendant received "unreasonable" assistance of counsel. "While 'defendants are required to raise ineffective assistance of counsel claims on direct review if apparent on the record,' such claims are 'better suited to collateral proceedings *** when the record is incomplete or inadequate for resolving the claim' on direct appeal." *People v. Woods*, 2020 IL App (1st) 162751, ¶ 76 (quoting *People v. Veach*, 2017 IL 120649, ¶ 46). We find that to be the case here, where the record is "inadequate for resolving the claim." *Veach*, 2017 IL 120649, ¶ 46.[1] However, we note that this defendant has completed his sentence, and proceedings under the Post-Conviction Hearing Act can only be commenced by persons "imprisoned in the penitentiary." 725 ILCS 5/122-1(a) (West 2022).

¶ 51    We affirm the trial court's judgment convicting and sentencing defendant for UUWF.

¶ 52                    III. CONCLUSION

¶ 53    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 54    Affirmed.

---

[1]By way of example only, without making any conclusion or determinations, we know from the record that defendant was communicating with his attorney throughout the proceedings but we do not know the substance of those communications.

---

## *People v. Adams*, 2024 IL App (1st) 221474

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 10-CR-4033; the Hon. Steven Jay Rosenblum, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Deepa Punjabi, of State Appellate Defender's Office, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Enrique Abraham, Douglas P. Harvath, and Erin K. Slattery, Assistant State's Attorneys, of counsel), for the People. |