NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200286-U

NO. 4-20-0286

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 8, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| JOEL R. SHOULDER, | ) | No. 18CF314 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas E. Griffith Jr., |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices DeArmond and Harris concurred in the judgment.

**ORDER**

¶ 1     *Held*:  We reverse defendant's conviction for being an armed habitual criminal where it
                was predicated on a void conviction.

¶ 2     In July 2018, defendant, Joel R. Shoulder, pleaded guilty to being an armed

habitual criminal (720 ILCS 5/24-1.7(a)(1) (West 2016)). The circuit court sentenced defendant

to six years in prison.

¶ 3     In March 2020, defendant filed a *pro se* petition for relief from judgment (see 735

ILCS 5/2-1401 (West 2018)), arguing his plea was not "intelligent" and he received ineffective

assistance of counsel because the State could not prove an element of the offense of being an armed

habitual criminal. Defendant argued his aggravated unlawful use of a weapon (AUUW) conviction

(Macon County case No. 09-CF-468), alleged as a predicate offense to prove being an armed

habitual criminal, had been rendered void by *People v. Aguilar*, 2013 IL 112116, 2 N.E.3d 321. The circuit court *sua sponte* denied defendant's petition.

¶ 4 On appeal, defendant argues this court should vacate his conviction for being an armed habitual criminal because it is based on an invalid statute. Defendant also argues this court should vacate his conviction for AUUW in Macon County case No. 09-CF-468 because it is based on a facially unconstitutional statute and the void *ab initio* doctrine applies. We agree.

¶ 5 I. BACKGROUND

¶ 6 In July 2018, defendant entered into a fully negotiated guilty plea to being an armed habitual criminal. The State presented the following factual basis for the plea. Officer B. L. Massey of the Decatur Police Department would testify he responded to a call reporting "shots being fired" at 720 East Condit Street in Decatur, Illinois. At the scene, Officer Massey heard another gunshot and observed defendant on a patio behind 720 East Condit Street holding an item which appeared to be a handgun. Law enforcement officers secured a search warrant for the residence. During the execution of the search warrant, an officer located in a bedroom from which defendant had exited a "9 millimeter Glock model 17 semi-automatic handgun." Officers also located four spent casings matching the handgun in the immediate area of the patio.

¶ 7 Additionally, the State would provide certified copies of defendant's prior convictions for: (1) the manufacture or delivery of 15 grams or more but less than 100 grams of heroin (Macon County case No. 11-CF-1085) and (2) aggravated unlawful use of a weapon (AUUW) (Macon County case No. 09-CF-468), which were the two predicate offenses supporting the armed habitual criminal charge.

¶ 8        The circuit court accepted defendant's guilty plea as knowing and voluntary and, pursuant to the fully negotiated plea, sentenced defendant to six years in the Illinois Department of Corrections.

¶ 9        In March 2020, defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2018)), alleging his plea was not intelligently made and he received ineffective assistance of counsel where his AUUW conviction (Macon County case No. 09-CF-468), alleged as a predicate offense to prove the offense of being an armed habitual criminal, had been rendered void by *Aguilar*. The circuit court *sua sponte* denied defendant's petition for relief from judgment.

¶ 10        This appeal followed.

¶ 11                                  II. ANALYSIS

¶ 12        On appeal, defendant argues his armed habitual criminal conviction cannot stand where one of the predicate offenses, AUUW, was unconstitutional and void *ab initio*.

¶ 13                          A. Aggravated Unlawful Use of a Weapon

¶ 14        Our supreme court considered the validity of the AUUW statute in both *Aguilar* and *People v. Burns*, 2015 IL 117387, 79 N.E.3d 159. In *Aguilar* and *Burns*, the supreme court determined sections 24-1.6(a)(1) and 24-1.6(a)(3)(A) of the AUUW statute (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2012)) were facially unconstitutional pursuant to the second amendment. *Aguilar*, 2013 IL 112116, ¶ 22; *Burns*, 2015 IL 117387, ¶ 21; see also, *People v. Cavette*, 2018 IL App (4th) 150910, ¶ 18, 118 N.E.3d 699.

¶ 15        "According to the *ab initio* doctrine, when a statute is found facially unconstitutional—unconstitutional in all its applications [citation]—it is void from the beginning. [Citations]. This means the statute was constitutionally infirm from the time of its

enactment and is unenforceable." (Internal quotation marks omitted.) *Cavette*, 2018 IL App (4th) 150910, ¶ 20. "A conviction under an unconstitutional law 'is not merely erroneous, but is illegal and void, and cannot be a legal cause for imprisonment.' " *Montgomery v. Louisiana*, 577 U.S. 190, 203 (2016) (quoting *Ex parte Siebold*, 100 U.S. 371, 376-77 (1879)); see also *People v. Price*, 2016 IL 118613, ¶ 31, 76 N.E.3d 1240 ("[A] judgment will be deemed void *** where the judgment was based on a statute that is facially unconstitutional and void *ab initio*."). Further, a conviction from a facially unconstitutional statute "must be treated by the courts as if it did not exist, and it cannot be used for any purpose under any circumstance." *In re N.G.*, 2018 IL 121939, ¶ 36, 115 N.E.3d 102.

¶ 16          After filing his appellate brief in the instant matter, defendant filed a motion requesting this court to take judicial notice of the computerized docket in Macon County case No. 09-CF-468, in which defendant was convicted of AUUW. The State did not object to the motion, and we have taken the motion with the case. To be subject to judicial notice, an adjudicative fact must be either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Ill. R. Evid. 201(b) (eff. Jan. 1, 2011). We find the electronic docket in Macon County case No. 09-CF-468 proper material for judicial notice and allow defendant's motion. See *Koshinski v. Trame*, 2017 IL App (5th) 150398, ¶ 10, 79 N.E.3d 659 ("[T]he circuit court's orders are proper materials for judicial notice."); *People v. Alvarez-Garcia*, 395 Ill. App. 3d 719, 726-27, 936 N.E.2d 588, 595 (2009) (stating the appellate court may take judicial notice of records kept by Illinois courts).

¶ 17          The record in Macon County case No. 09-CF-468 shows defendant was charged by information with AUUW (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2008)) (count I) and

unlawful possession of cannabis (720 ILCS 550/4(a) (West 2008)) (count II). The electronic docket states, in October 2009, defendant pleaded guilty to count I, AUUW, a Class 4 felony. The State dismissed count II. Accordingly, defendant's AUUW conviction was pursuant to a section of the AUUW statute our supreme court determined to be facially unconstitutional and void *ab initio*. See *Burns*, 2015 IL 117387, ¶ 21.

¶ 18        Defendant asks us to vacate his conviction for AUUW in Macon County case No. 09-CF-468. In *N.G.*, our supreme court stated the following: "[I]f the constitutional infirmity is put in issue during a proceeding that is pending before the court, the court has an independent duty to vacate the void judgment and may do so *sua sponte*." *N.G.*, 2018 IL 121939, ¶ 57. Therefore, we vacate defendant's conviction for AUUW in Macon County case No. 09-CF-468 as it is facially unconstitutional and void *ab initio*.

¶ 19                    B. Being an Armed Habitual Criminal

¶ 20        The offense of being an armed habitual criminal requires a defendant must have at least two convictions of specified offenses:

> "(a) A person commits the offense of being an armed habitual criminal if he or she receives, sells, possesses, or transfers any firearm after having been convicted a total of 2 or more times of any combination of the following offenses:
>
> ***
>
> (2) unlawful use of a weapon by a felon [or] aggravated unlawful use of a weapon." 720 ILCS 5/24-1.7(a)(2) (West 2016).

Being an armed habitual criminal is a Class X felony. *Id.* § 24-1.7(b).

¶ 21        As this court has previously held, an unconstitutional AUUW conviction may not be used as a predicate offense for being an armed habitual criminal. *Cavette*, 2018 IL App (4th)

150910, ¶ 26. As discussed above, defendant's AUUW conviction was void *ab initio*, and therefore, it cannot serve as a predicate offense for his armed habitual criminal conviction.

¶ 22      Defendant argues, because his 2009 AUUW conviction is based on a facially unconstitutional statute, the void *ab initio* doctrine applies and his armed habitual criminal conviction—based on an invalid conviction—must accordingly be vacated. The State, however, urges this court to reduce defendant's conviction to the lesser-included offense of unlawful use of a weapon by a felon (UUWF). The State argues it is uncontested defendant possessed a gun after having previously been convicted of a felony, namely the manufacture or delivery of 15 grams or more but less than 100 grams of heroin (720 ILCS 570/401(a)(1)(A) (West 2010)), a Class X felony (see Macon County case No. 11-CF-1085). Defendant counters the State did not charge him with UUWF.

¶ 23      In support of its argument this court should reduce defendant's conviction for being an armed habitual criminal to the lesser-included offense of UUWF, the State cites to a single case, *People v. Crosby*, 2017 IL App (1st) 121645, 82 N.E.3d 607. The State asserts *Crosby* "acknowledge[ed] UUWF is a lesser-included offense of [being an armed habitual criminal]." We agree with defendant *Crosby* does not support the State's argument. In *Crosby*, the appellate court determined the defendant's armed habitual criminal conviction could not stand where aggravated battery of a police officer was not a qualifying predicate offense. *Id.* ¶ 13. The appellate court refused to reduce the defendant's conviction to UUWF where he had been acquitted of UUWF with a separate predicate offense by the jury, thereby running afoul of double jeopardy. *Id.* ¶ 17-18. The appellate court made no determination as to whether UUWF was a lesser-included offense of being an armed habitual criminal, much less "acknowledging" UUWF as a lesser-included offense of being an armed habitual criminal as the State claims. The

*Crosby* court did nothing more than restate the State's argument the defendant's armed habitual criminal conviction should be reduced to the lesser-included offense of UUWF and then, in conclusion, stated: "Here, both UUWF offenses—the one of which Crosby was acquitted (predicated on his 2003 felony), and the one the State now *contends* is a lesser-included offense of [armed habitual criminal] (predicated on his 2001 felony)—contain the same elements and the prohibition against double jeopardy precludes us from entering a conviction on the latter following Crosby's acquittal of the former." (Emphasis added.) *Id.* ¶ 13. We do not find *Crosby* supportive of the State's argument, and the State does not cite to additional authority for its argument. Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) requires an appellee's brief to contain "[a]rgument, which shall contain the contentions of the appell[ee] and the reasons therefor, with citations to authorities and the pages of the record relied on." See Ill. S. Ct. R. 341(i) (eff. Oct. 1, 2020) (requiring an appellee's brief to comply with Rule 341(h)(7)). "[M]ere contentions, without argument or citation to authority, do no merit consideration on appeal." *People v. Hood*, 210 Ill. App. 3d 743, 746, 596 N.E.2d 228, 230 (1991). We note further in *Cavette*, this court, "[a]pplying the rationale of *N.G.* and the void *ab initio* doctrine," found the defendant's void AUUW conviction could not serve as a predicate offense for being an armed habitual criminal and, therefore, reversed outright defendant's conviction for armed habitual criminal, without remanding. *Cavette*, 2018 IL App (4th) 150910, ¶ 26.

¶ 24 We accept the State's concession defendant's armed habitual criminal conviction cannot stand where defendant's "legally nonexistent and now-vacated" 2009 AUUW conviction may not serve as a predicate felony conviction. See *N.G.*, 2018 IL 121939, ¶¶ 73, 86 (Convictions that are void "can give rise to no criminal status nor create any legal impediment, for the state had no authority, and the courts never acquired jurisdiction, to impose punishment

- 7 -

under such laws to begin with."). We reverse defendant's conviction for being an armed habitual criminal where it was predicated on a void conviction.

¶ 25                                     III. CONCLUSION

¶ 26          We reverse defendant's conviction for armed habitual criminal.

¶ 27          Reversed.