NOTICE
Decision filed 08/27/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240016

NO. 5-24-0016

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 18-CF-314 |
| | ) | |
| JOEL R. SHOULDER, | ) | Honorable |
| | ) | Thomas E. Griffith, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE McHANEY delivered the judgment of the court, with opinion.
Justices Cates and Moore concurred in the judgment and opinion.

**OPINION**

¶ 1　　The petitioner, Joel R. Shoulder, appeals the circuit court's denial of his petition for issuance of a certificate of innocence (COI) under section 2-702 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-702 (West 2022)). The petitioner pled guilty to being an armed habitual criminal (AHC) (720 ILCS 5/24-1.7(a)(1) (West 2016)), predicated on two prior felony convictions. Following his conviction, the petitioner was sentenced to six years in the Illinois Department of Corrections (DOC) plus three years of mandatory supervised release (MSR). After his AHC conviction was reversed because it was predicated on a void prior conviction, the petitioner sought the issuance of a COI. The circuit court denied the petition, finding the petitioner could have been found guilty of the lesser-included offense of unlawful use of a weapon by a felon (UUWF) (*id.* § 24-1.1(a)). The petitioner appeals, arguing that the circuit court erred in denying

1

his petition for a COI where UUWF is not a lesser-included offense of being an AHC and that the State was collaterally estopped from asserting that UUWF is a lesser-included offense. Alternatively, the petitioner contends that, assuming UUWF is a lesser-included offense of being an AHC because he was not charged with or imprisoned for UUWF, he was entitled to a COI. Finally, the petitioner contends that because he did not receive effective assistance of plea counsel, he did not voluntarily cause or bring about his own conviction. For the reasons that follow, we reverse.

¶ 2                                    I. BACKGROUND

¶ 3                                    A. Guilty Plea

¶ 4     On March 7, 2018, the State charged the petitioner with one count of being an AHC (*id.* § 24-1.7(a)(1)). The information alleged the petitioner's prior conviction for the offense of aggravated unlawful use of a weapon (AUUW) (*id.* § 24-1.6(a)(1), (a)(3)(C)) served as one of the predicate offenses to prove he was guilty of being an AHC.

¶ 5     In July 2018, the petitioner entered into a fully negotiated guilty plea to a sole count of being an AHC in exchange for a minimum sentence. The State presented the following factual basis for the plea. Officer B.L. Massey would testify he responded to a call reporting "shots being fired" at 720 East Condit Street in Decatur, Illinois. At the scene, Officer Massey heard another gunshot and observed the petitioner on a patio behind 720 East Condit Street, holding an item that appeared to be a handgun. Law enforcement officers secured a search warrant for the residence. During the execution of the search warrant, an officer found in a bedroom from which the petitioner had exited a "9 millimeter Glock model 17 semiautomatic handgun." Officers also located four spent casings matching that handgun in the immediate area of the patio. Additionally, the State would provide certified copies of the petitioner's prior convictions for (1) the

2

manufacture or delivery of 15 grams or more but less than 100 grams of heroin (Macon County case No. 11-CF-1085) and (2) AUUW (Macon County case No. 09-CF-468). These were the two predicate offenses supporting the AHC conviction. The circuit court accepted the petitioner's guilty plea as knowing and voluntary and, pursuant to the fully negotiated plea, sentenced petitioner to six years in DOC and three years of MSR.

¶ 6                                B. Direct Appeal

¶ 7      In March 2020, the petitioner filed a *pro se* petition for relief from judgment (see 735 ILCS 5/2-1401 (West 2018)), arguing his plea was not "intelligent"; he received ineffective assistance of plea counsel; and his conviction had been rendered void by the supreme court's decision in *People v. Aguilar*, 2013 IL 112116, a decision that predated his conviction. The circuit court denied the petition, and the petitioner appealed.

¶ 8      On direct appeal, the petitioner argued that his AHC conviction should be reversed as it was based on an invalid statute. Petitioner argued that his conviction for AUUW in Macon County case No. 09-CF-468 should be vacated because it was based on a facially unconstitutional statute and the *ab initio* doctrine applied. See *id.* ¶ 22; *People v. Burns*, 2015 IL 117387, ¶ 32. The Fourth District agreed and vacated the petitioner's conviction for AUUW. *People v. Shoulder*, 2021 IL App (4th) 200286-U, ¶ 18. Ultimately, the Fourth District reversed the petitioner's conviction for being an AHC where it was predicated on the void AUUW conviction. *Id.* ¶ 24.

¶ 9                       C. Proceedings Following First Appeal

¶ 10     Following the mandate from the appellate court, the circuit court made a docket entry on November 10, 2021, that the petitioner's AHC conviction had been reversed by the Fourth District appellate court. On June 8, 2022, the petitioner filed a petition for a COI, alleging he had met the requirements set out in section 2-702(g) of the Civil Code: (1) he was convicted of being an AHC,

3

sentenced to 6 years plus 3 years' MSR, and had served 3 years, 7 months, and 27 days in the DOC; (2) his judgment of conviction was reversed where the statute upon which the information was based violated the Constitution of the United States; (3) he was innocent of the offenses charged in the information; and (4) he did not by his own conduct voluntarily cause or bring about his conviction. 735 ILCS 5/2-702(g) (West 2022). On July 11, 2022, the petitioner filed a motion to correct the record to show his conviction had been reversed. The State filed a response to the COI petition, arguing the petitioner could not prove by a preponderance of the evidence that his actions did not constitute the lesser-included offense of UUWF, nor could he prove that he did not voluntarily bring about his conviction by pleading guilty.

¶ 11 After the petitioner filed his COI petition, the State filed an information charging two counts of UUWF for the same offense but under slightly different theories. After the petitioner filed a motion to dismiss, claiming the statute of limitations had tolled, the State moved to dismiss the UUWF charges.

¶ 12 At the COI hearing, the petitioner asserted that he had met the first two statutory requirements to obtain a COI. He contended that the State was barred by collateral estoppel from arguing that his actions, as charged, constituted a lesser-included offense of UUWF because the State previously made the same argument in his direct appeal and the Fourth District had rejected it. In response, the State maintained the collateral estoppel doctrine did not apply because there had been no final judgment on the merits of the argument that UUWF is a lesser-included offense of being an AHC. The State also maintained that the petitioner could not prove by a preponderance of the evidence that he was innocent of the offense charged in the information, where his actions as charged constituted the lesser-included offense of UUWF, and that he voluntarily brought about his conviction by voluntarily pleading guilty.

4

¶ 13    The circuit court denied the petition for a COI, specifically finding that the petitioner was not entitled to a COI because "unlawful possession of a weapon by a felon could certainly be a lesser-included offense of aggravated—or armed habitual criminal and certainly could have been charged as one in this case" and that the petitioner "could have been found guilty of a lesser version of armed habitual criminal," which would have barred the petitioner from obtaining a COI. The circuit court also found the petitioner failed to show that by his acts or conduct he did not voluntarily cause or bring about his conviction. The petitioner filed a timely appeal.

¶ 14                                   II. ANALYSIS

¶ 15    The petitioner claims that the circuit court erred in denying his petition for a COI where UUWF is not a lesser-included offense of AHC and that the State was collaterally estopped from making that argument. Alternatively, the petitioner contends that, assuming UUWF is a lesser-included offense of AHC, he was entitled to a COI because he was not charged with or imprisoned for UUWF. Finally, the petitioner contends that because he did not receive effective assistance of plea counsel, he did not voluntarily cause or bring about his own conviction. The State maintains that the petitioner cannot prove by a preponderance of the evidence that he is innocent of the offense charged in the information, where his actions as charged constituted the lesser-included offense of UUWF, and that he voluntarily brought about his conviction by voluntarily pleading guilty.

¶ 16    Section 2-702 of the Civil Code provides a remedy for innocent persons who have been wrongfully convicted and imprisoned for crimes in Illinois. *Id.* § 2-702(a). Thus, "[a]ny person convicted and subsequently imprisoned for one or more felonies by the State of Illinois which he or she did not commit may, under the conditions hereinafter provided, file a petition for certificate of innocence in the circuit court." *Id.* § 2-702(b). Where a petitioner has proven by a preponderance

5

of the evidence that he has met the elements needed to obtain a COI, subsection (h) provides that the court "shall enter a certificate of innocence finding that the petitioner was innocent of all offenses for which he or she was incarcerated." *Id.* § 2-702(h). Where a petitioner obtains a certificate of innocence, it is "all but certain that the petitioner can obtain a money judgment against the State for wrongful incarceration." *People v. Moore*, 2020 IL App (1st) 190435, ¶ 37.

¶ 17    At the outset, we note that the parties recognize the split of authority among the appellate districts regarding the proper standard of review applicable to a circuit court's ruling on a COI petition. The State argues that an abuse of discretion is the appropriate standard. See *People v. Washington*, 2023 IL 127952, ¶ 47. After the appeal was fully briefed, the petitioner filed a motion to cite as additional authority a recent decision, *People v. Morgan*, 2025 IL 130626, wherein the Illinois Supreme Court determined the appropriate standard of review in what is commonly known as the Pretrial Fairness Act (Act)[1] (see 725 ILCS 5/art. 110 (West 2022)), amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023). The *Morgan* court held that the proper standard of review in appeals from factual decisions under the Act is the manifest weight of the evidence standard, with *de novo* review being the proper standard in cases where the circuit court did not hear live witness testimony. The petitioner urges this court to apply the same standard with respect to a circuit court's ruling on a COI petition, where the circuit court did not hear live witness testimony. We need not determine which standard of review applies to the circuit court's ruling on the COI petition because the petitioner's arguments on appeal require this court to interpret section 2-702 of the COI statute which is subject to a *de novo* review. *People v. Palmer*, 2021 IL 125621, ¶ 53 ("An issue of statutory construction presents a question of law that is subject to *de novo* review.").

---

[1]"Several provisions were subsequently amended again before the Act's original effective date. See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (setting the Act's effective date as September 18, 2023)." *Morgan*, 2025 IL 130626, ¶ 1 n.1.

¶ 18    When interpreting a statute, "[t]he most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning." *People v. Clark*, 2019 IL 122891, ¶ 20. The statute must be viewed by a reviewing court "as a whole, construing words and phrases in light of other relevant statutory provisions and not in isolation." *Id.* "Each word, clause, and sentence of a statute must be given a reasonable meaning, if possible, and should not be rendered superfluous." *Id.* A reviewing court will presume that the legislature "did not intend absurd, inconvenient, or unjust results." *Palmer*, 2021 IL 125621, ¶ 53. In discerning legislative intent, a reviewing court may consider "the purpose of the statute, the problems to be remedied, and the consequences of interpreting the statute one way or another." *Id.* Accordingly, the petitioner's motion to cite additional authority is denied.

¶ 19                              A. Collateral Estoppel

¶ 20    Prior to addressing the merits of the petitioner's appeal, we turn to the petitioner's contention that the State was collaterally estopped from asserting at the COI hearing that UUWF was a lesser-included offense of AHC because the issue had been litigated and resolved against the State in the petitioner's direct appeal. See *Shoulder*, 2021 IL App (4th) 200286-U, ¶¶ 22-23. The State responds that, although the issue was raised in the petitioner's first appeal, the collateral estoppel doctrine does not apply because there was no final judgment on the merits. We agree with the State.

¶ 21    " 'Collateral estoppel is an equitable doctrine, the application of which precludes a party from relitigating an issue decided in a prior proceeding.' " *People v. Watkins-Romaine*, 2025 IL 130618, ¶ 46 (quoting *American Family Mutual Insurance Co. v. Savickas*, 193 Ill. 2d 378, 387 (2000)).

"Collateral estoppel may be applied when the issue decided in the prior adjudication is identical with the one presented in the current action, there was a final judgment on the merits in the prior adjudication, and the party against whom estoppel is asserted was a party to, or in privity with a party to, the prior adjudication." *Du Page Forklift Service, Inc. v. Material Handling Services, Inc.*, 195 Ill. 2d 71, 77 (2001).

The doctrine of collateral estoppel applies not only to issues of fact but also to issues of law. *Id.* at 78.

¶ 22    In the petitioner's first appeal, the State conceded that the petitioner's AHC conviction could not stand following *Aguilar* but argued that his conviction should be reduced to the lesser-included offense of UUWF where it was uncontested the petitioner possessed a gun after previously having been convicted of a felony in the second Macon County case. *Shoulder*, 2021 IL App (4th) 200286-U, ¶¶ 22-24. In support of its argument, the State cited a single case, *People v. Crosby*, 2017 IL App (1st) 121645, which the Fourth District found did not support the State's argument. *Shoulder*, 2021 IL App (4th) 200286-U, ¶ 23. Because the Fourth District did not find *Crosby* supportive of the State's argument, and the State had failed to cite any additional authority for its argument, the court rejected the State's argument for failure to comply with Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020). *Shoulder*, 2021 IL App (4th) 200286-U, ¶ 23; see *People v. Hood*, 210 Ill. App. 3d 743, 746 (1991) (mere contentions, without argument or citation of authority, do not merit consideration on appeal). Accordingly, because there was no final judgment on the merits concerning this issue, we find the State was not collaterally estopped from asserting that UUWF is a lesser-included offense of AHC.

¶ 23                                      B. Lesser-Included Offense

¶ 24    Turning to the merits, the petitioner argues that UUWF is not a lesser-included offense of AHC, and even if it were, he was not charged with UUWF. The State maintains the circuit court was correct in finding that UUWF is a lesser-included offense of AHC. However, the State misapprehends the circuit court's findings. The circuit court merely found that UUWF *could be* a lesser-included offense of AHC; UUWF *could have been charged* in this case; and the petitioner *could have been found guilty* of the lesser-included offense. But that is not what happened here. The petitioner was not charged with UUWF and was not found guilty of UUWF. The State alone has exclusive discretion to decide what charges to bring against a defendant, and, here, the only conduct it chose to charge was a single count of being an AHC. See *People v. Jamison*, 197 Ill. 2d 135, 162 (2001); *People v. White*, 2011 IL 109616, ¶ 25.

¶ 25    As to whether UUWF is a lesser-included offense of being an AHC, the petitioner maintains that Illinois courts apply the "charging instrument" approach in determining whether a defendant is entitled to a jury instruction on a lesser-included offense, while the "abstract elements" approach is applied by courts in determining whether multiple convictions may be entered on charged offenses. See *People v. Miller*, 238 Ill. 2d 161, 173 (2010). The petitioner urges this court to apply the "abstract elements" approach as applied in *People v. Novak*, 163 Ill. 2d 93, 108 (1994), *abrogated by People v. Kolton*, 219 Ill. 2d 353 (2006), utilized in determining whether the defendant was entitled to a lesser-included offense jury instruction. The State, on the other hand, urges this court to apply the "charging instrument" approach applied in *People v. Davis*, 213 Ill. 2d 459, 475-76 (2004), where the Illinois Supreme Court determined this test should be applied in deciding when one charge is a lesser-included offense to another charge for the purpose of instructing a jury on that offense. We decline the parties' invitation to adopt either approach as the

parties do not cite, nor are we aware of, any legal authority governing the approach to be applied in the context of a COI determination.

¶ 26    Subsection (g) sets forth the requirements a petitioner must prove by a preponderance of the evidence in order to obtain a COI:

"(1) the petitioner was convicted of one or more felonies by the State of Illinois and subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence;

(2)(A) the judgment of conviction was reversed or vacated, and the indictment or information dismissed or, if a new trial was ordered, either the petitioner was found not guilty at the new trial or the petitioner was not retried and the indictment or information dismissed; or (B) the statute, or application thereof, on which the indictment or information was based violated the Constitution of the United States or the State of Illinois;

(3) the petitioner is innocent of the offenses charged in the indictment or information or his or her acts or omissions charged in the indictment or information did not constitute a felony or misdemeanor against the State; and

(4) the petitioner did not by his or her own conduct voluntarily cause or bring about his or her conviction." 735 ILCS 5/2-702(g) (West 2022).

¶ 27    According to the State, the plain language of section 2-702 requires a petitioner to establish his innocence as to all offenses charged in the information as well as any lesser-included offenses. However, the language in the statute makes no reference to lesser-included offenses.

"[A reviewing] court is not free to depart from the plain language and meaning of the statute by reading into it exceptions, limitations, or conditions that the legislature did not express

[citations], nor is it necessary for the court to search for any subtle or not readily apparent intention of the legislature." *People v. Woodard*, 175 Ill. 2d 435, 443 (1997).

¶ 28    The State cites *People v. Warner*, 2022 IL App (1st) 210260, for the proposition that a petitioner seeking a COI is required to prove he is innocent of all offenses charged in the information as well as any lesser-included offense. The petitioner cites *People v. Green*, 2024 IL App (2d) 220328, for the proposition that a petitioner seeking a COI must establish innocence of only the offense for which he was convicted and imprisoned.

¶ 29    *Warner* and *Green* addressed the meaning and effect of the dismissal of charges *nolle prosequi* following a guilty plea in the context of a COI petition. In *Warner*, the petitioner, pursuant to the terms of a negotiated plea agreement, pled guilty to one count of AUUW in exchange for the State's agreement to nol-pros seven remaining counts. *Warner*, 2022 IL App (1st) 210260, ¶ 42. After his conviction was vacated, the petitioner sought a COI, which the trial court denied. *Id.* ¶ 1. The *Warner* court affirmed, holding that in order for the petitioner to obtain a COI, he "was required to show his innocence as to the offenses charged in the information including those that were nol-prossed pursuant to the negotiated plea agreement." *Id.* ¶ 42. The *Warner* court based its reasoning, in part, on *People v. Whitfield*, 217 Ill. 2d 177, 190 (2005) (where a defendant enters a negotiated plea of guilty in exchange for specified benefits, "*both the State and the defendant* must be bound by the terms of the agreement" (emphasis in original)).

¶ 30    In *Green*, the petitioner, pursuant to a fully negotiated plea agreement, agreed to plead guilty to one count of AUUW in exchange for a two-year sentence and the dismissal *nolle prosequi* of all other counts charged in the indictment. *Green*, 2024 IL App (2d) 220328, ¶ 3. The *Green* court reasoned that charges dismissed through *nolle prosequi* reverts the matter to the same condition that existed before the commencement of the prosecution, resulting in the lack of

11

pending criminal charges against the petitioner. *Id.* ¶ 29. Thus, the *Green* court held the petitioner was not required to establish that he was actually innocent of charges that had been nol-prossed by the State as part of the negotiated plea agreement. *Id.* ¶ 30.

¶ 31  In the instant matter, unlike in *Warner* and *Green*, there were no charges dismissed *nolle prosequi* pursuant to the negotiated plea agreement. The terms of the petitioner's plea agreement allowed him to plead guilty to a sole count of being an AHC in exchange for a minimum sentence. After the petitioner's AHC conviction was reversed because it was predicated on the void AUUW conviction, there were no other charges for which the petitioner was required to prove his innocence. See *id.* ("It is innocence of this charge, the one charge for which defendant was incarcerated, that defendant must prove."). Moreover, neither *Warner* nor *Green* stood for the proposition that to obtain a COI, a petitioner must prove he is innocent both of the offense charged as well as any lesser-included offense. Accordingly, we reject the State's argument that a petitioner must prove he is innocent of a lesser-included offense in order to obtain a COI.

¶ 32  In reaching our conclusion, we find guidance in the Illinois Supreme Court's decisions in *Palmer*, 2021 IL 125621, and *Washington*, 2023 IL 127952. As the *Green* court noted:

> "Our supreme court has consistently applied a broad reading to section 2-702 to further this legislative intent. In *Palmer*, the court found that 'the legislature plainly stated its intent to *ameliorate, not impose, technical and substantive obstacles* to petitioners seeking relief from a wrongful conviction.' (Emphasis added.) 2021 IL 125621, ¶ 68. In *People v. Washington*, 2023 IL 127952, the supreme court cited approvingly the decision in *People v. Glenn*, 2018 IL App (1st) 161331, where the appellate court 'employed an expansive reading of the statute' and 'interpreted the term imprisonment to include petitioners who were sentenced

12

to probation,' noting that the *Glenn* court concluded that 'its broad interpretation preserved the intent of the statute "to seek relief from the State for wrongful imprisonment." ' *Washington*, 2023 IL 127952, ¶ 32 (quoting *Glenn*, 2018 IL App (1st) 161331, ¶ 20)." *Green*, 2024 IL App (2d) 220328, ¶ 20.

While the facts in *Green* are not identical, we find the court's reasoning to be persuasive.

¶ 33     In *Palmer*, our state supreme court noted that "section 2-702 authorizes any person convicted and subsequently imprisoned for a crime that they did not commit to file a petition seeking a certificate of innocence finding that the petitioner was innocent of all offenses *for which they were incarcerated*." (Emphasis added.) *Palmer*, 2021 IL 125621, ¶ 55; 735 ILCS 5/2-702(b) (West 2022). The *Palmer* court ultimately held that  subsection "(g)(3) requires a petitioner to prove by a preponderance of the evidence his or her innocence of the offense as it was charged in the indictment or information that resulted in the wrongful criminal conviction." *Palmer*, 2021 IL 125621, ¶ 72.

¶ 34     The State next contends the petitioner is not entitled to a COI because subsection (g)(3) clearly indicates the legislative intent that petitioners seeking a COI must prove their actions as charged in the indictment or information did not constitute a crime. The AHC statute provides that a person commits the offense of being an armed habitual criminal if he possesses a firearm after having been convicted of two qualifying offenses. 720 ILCS 5/24-1.7(a) (West 2016). Once the petitioner's conviction for AUUW was vacated and was no longer eligible to serve as a predicate offense supporting the AHC conviction, the only action alleged in the information was that the petitioner possessed a firearm after having been convicted of one qualifying offense. Examining the language in the AHC statute, we cannot say that the petitioner's actions *as charged in the*

13

*information* constituted a crime. As we previously noted, the State could have charged the petitioner with UUWF but chose not to do so.

¶ 35 Finally, the State maintains that the petitioner cannot prove by a preponderance of the evidence that he did not bring about or cause his own conviction by pleading guilty. 735 ILCS 5/2-702(g)(4) (West 2022). In *Washington*, the Illinois Supreme Court held that a guilty plea does not categorically preclude a COI. *Washington*, 2023 IL 127952, ¶ 62. The State contends that the holding in *Washington* in no way obviates the long-standing case law set forth in *People v. Jones*, 2021 IL 126432, ¶ 20, that by entering into a guilty plea, a defendant forecloses any claim of error because a voluntary guilty plea waives all nonjurisdictional errors or irregularities, including constitutional ones. However, applying the State's logic would result in a categorical bar precluding petitioners who had pled guilty from receiving a COI in every case in contravention of the supreme court's decision in *Washington*. Instead, to determine whether a petitioner brought about his conviction, a reviewing court looks to the voluntariness of the plea. *Washington*, 2023 IL 127952, ¶ 30. A determination of "voluntariness should be made considering the totality of the circumstances on a case-by-case basis in light of the remedial purpose of the statute." *Id.* ¶ 42.

¶ 36 As previously noted, the purpose of the COI statute is to provide a remedy for innocent persons who have been wrongfully convicted and imprisoned for crimes in Illinois. 735 ILCS 5/2-702(a) (West 2022). Here, the petitioner was wrongfully convicted for being an AHC where his conviction was predicated on the void AUUW conviction. In *Aguilar* and *Burns*, the supreme court determined the section of the AUUW statute under which the petitioner had been charged was facially unconstitutional under the second amendment. *Shoulder*, 2021 IL App (4th) 200286-U, ¶ 14. Where a statute is found facially unconstitutional, the *ab initio* doctrine is implicated, meaning it was void from the beginning. *People v. Holmes*, 2017 IL 120407, ¶ 12. A conviction

14

from a facially unconstitutional statute "must be treated by the courts as if it did not exist, and it cannot be used for any purpose under any circumstance." *In re N.G.*, 2018 IL 121939, ¶ 36. Accordingly, we find the petitioner could not have brought about or caused his own conviction by pleading guilty to the AHC charge that was predicated on a crime that our supreme court ruled did not exist. See *Aguilar*, 2013 IL 112116, ¶ 22.

¶ 37    Under the facts of this case, we find the petitioner is entitled to a certificate of innocence because he has satisfied all four statutory prerequisites. See 735 ILCS 5/2-702(g)(1)-(4) (West 2022). Thus, we need not address the petitioner's ineffective assistance of counsel claim.

¶ 38                                III. CONCLUSION

¶ 39    We reverse the judgment of the circuit court and remand with directions to enter an order granting the petitioner's petition for certificate of innocence.

¶ 40    Reversed and remanded with directions.

*People v. Shoulder*, 2025 IL App (5th) 240016

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Macon County, No. 18-CF-314; the Hon. Thomas E. Griffith, Judge, presiding. |
| **Attorneys for Appellant:** | Stephen L. Richards, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Scott Rueter, State's Attorney, of Decatur (Patrick Delfino, Edward R. Psenicka, and Diane L. Campbell, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |